New York Life Insurance Company v. Annie E. English.

No. 1186. Decided February 23, 1903.

1.—Insurance—Case Followed.

The rulings in Insurance Company v. English, 95 Texas, 391, adhered to. (P. 272.)

2.—Contract—Installments—Maturity—Judgment.

Where the sum secured by a policy of life insurance was to be paid in a series of annual installments, the entire amount did not become due on the death of insured and the refusal of insurer to pay the first installment. It was error to render judgment for the beneficiaries for the full amount, or to give judgment authorizing execution for each future installment as it should fall due. The case falls under the general rule that there can be no recovery for a debt before its maturity. (Pp. 272-274.)

3.—Attorney's Fees—Practice on Appeal.

Where attorney's fees were assessed at 10 per cent on a recovery of $3000 and the judgment reversed because recovery should have been only for the installment of $300 then due, the appellate court will not render judgment reducing the fees to 10 per cent of the actual recovery, but will remand to enable a jury to determine the proper fee. (P. 274.)

Error to the Court of Civil Appeals from the Fourth District, in an appeal from Dimmit County.

Annie E. English sued the insurance company to recover on a life policy. Plaintiff had judgment and defendant appealed. The judgment being reformed and rendered, each party obtained writ of error.

*Denman, Franklin & McGown,* for plaintiff in error.—The policy lapsed and was forfeited by reason of the failure of the insured to pay the premium maturing April 5, 1900, or the note given therefor, payable October 5, 1900; the contract of insurance as evidenced by the policy providing: "If any premium is not paid on or before the day when due, this policy shall become void and all payments previously made shall remain the property of the company." The note: "That all claims to further insurance and all benefits whatever which full payment in cash of the said premium would have secured shall become immediately void and forfeited to the New York Life Insurance Company if this note is not paid at maturity." The receipt: "Which continues said policy in force until the 5th day of April, 1901, at noon in accordance with its terms and conditions, provided the above note is paid at maturity." Holly v. Met. L. Insurance Co., 105 N. Y., 441; Forbes v. U. Cent. Insurance Co., 51 N. E. Rep., 84; Mut. L. Insurance Co. v. Cohen, 179 U. S., 267.

The conditions imposed by the New York statute, chap. 218, sec. 92: "No life insurance corporation doing business in this State shall within one year after the default in payment of any premium * * * declare forfeited or lapsed any policy hereafter issued or renewed, * * * nor shall any such policy be forfeited or lapsed by reason of nonpayment when due of any premium, interest or installment or

any portion thereof required by the terms of the policy to be paid, within one year from the failure to pay such premium, interest or installment, unless a written or printed notice stating the amount of such premium, interest, installment or portion thereof due on such policy, the place where it shall be paid, the person to whom the same is payable, shall have been duly addressed and mailed to the person whose life is insured at his or her last known postoffice, * * * postage paid, by the corporation or by any officer thereof or person appointed by it to collect such premium at least fifteen and not more than forty-five days prior to the day when the same is payable.

"The notice shall also state that unless such premium, interest, installment or portion thereof then due shall be paid to the corporation or to the duly appointed agent or person authorized to collect such premium by or before the day it falls due, the policy and all payments thereon are become forfeited; * * * no such policy shall in any case be forfeited or declared forfeited or lapsed until the expiration of thirty days after mailing such notice," were complied with when the notices were mailed to the insured advising him of the premium due April 5, 1900, and the intention of the company to forfeit the policy if such premium was not paid; the notice being: "The New York Life Insurance Company hereby gives notice that on policy No. 942,234, a premium of $72.30 will be due April 5, 1900, provided the policy be then in force. * * * This premium will be due and payable at the home office, 346 and 348 Broadway, New York, to the cashier of the company or R. H. Mitchell, cashier, Trust building, Dallas, Texas, on the production of the official receipt therefor. Unless such premium then due shall be paid to the company or to a duly appointed agent or person authorized to collect such premium by or before the day it falls due, such policy and all payments thereon will become forfeited and void;" and the policy lapsed on April 5, 1900, subject to the conditional renewal contract then made between the insured and the company. Banholzer v. Insurance Co., 77 N. W. Rep., 296.

The New York statute providing for notice "stating the amount of such premium, interest or installment or portion thereof due on such policy, etc.," has no application to the maturity of a note given for a premium past due. It does not limit the power of the parties to contract as to past due premiums and the policy by its own terms was conceled and annulled by reason of the failure of the insured to pay the note maturing October 5, 1900, the period for the conditional renewal of said policy having lapsed. Conway v. Insurance Co., 35 N. E. Rep., 420; Banholzer v. Insurance Co., 77 N. W. Rep., 296.

The Court of Appeals of New York, its court of last resort, having construed the statute in question and held that said statute did not apply to notes given for a premium past due, and that under the laws of New York the company could forfeit a policy without notice of the maturity of the note or of the intention of the company to so forfeit the policy for its nonpayment, this court is bound by such holding of the Court of

Appeals of New York under art. 4, sec. 1, of the Constitution of the United States, providing that "full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State." Banholzer v. Insurance Co., 178 U. S., 402; Banholzer v. Insurance Co., 77 N. W. Rep., 296.

If the court holds that the decisions of a State construing its statutes have to be proved before they will be considered, then in order to invoke the provision of the United States Constitution requiring full faith and credit to be given to the decision in the Conway case, the company should have been permitted to introduce that decision as against the only objection made, "that the laws of New York were not sufficiently pleaded herein." Since both parties admitted and pleaded that the contract involved had to be construed under the New York laws, which allegation includes the statutes and their construction by the courts of last resort, the decision involved the construction of the statute, not a common law rule or right.

The Court of Civil Appeals erred in not sustaining appellant's fifth assignment of error, that "the trial court erred in instructing a verdict against the defendant for 12 per cent damages and 10 per cent attorney fees allowed under the statutes of the State of Texas, for said statutes are in violation of section 1 of the fourteenth amendment of the Constitution of the United States; that they discriminate against insurance companies and attempt to take their property without due process of law;" and thereby in holding that article 3071 of the Revised Statutes of the State of Texas was not in violation of the Constitution of the United States.

The Court of Civil Appeals erred in not sustaining appellant's fourth assignment of error, that "the court erred in instructing the jury to find 10 per cent as attorney fees instead of leaving it to the jury to determine from the evidence what would be a reasonable attorney's fee in this case," and thereby in holding that the trial court could withdraw from the jury the issue of fact as to whether or not 10 per cent attorney's fee was a reasonable one. Pridgen v. Walker, 40 Texas, 139; Coates v. Elliott, 23 Texas, 613; Abbott's Trial Brief, 386.

The Court of Civil Appeals erred in rendering judgment against the appellant for the installment of $300 due December 1, 1900, with 6 per cent interest thereon, even though the appellant company is liable to the appellee under the policy sued upon, for the reason that the appellee has not sought such relief and there are no pleadings in the case upon which to base such a judgment. Mrs. English sued for the face of the policy, making no alternative count or prayer for the installments. The case should be reversed, not rendered.

The Court of Civil Appeals erred in rendering judgment against the appellant company upon installments not yet due under the terms of the policy and awarding execution for such installments as they respectively matured in the future, for the reason that such judgment was not based

upon any pleadings in the case, and no cause of action for such installments could arise against the appellant company until it was in default in the payment of said installments as they respectively mature.    Warren v. Harrold, 92 Texas, 421.

*F. Vandervoort,* for plaintiff in error English [from application for writ of error.]—The Court of Civil Appeals erred in considering the third proposition to appellant's first and second assignment of errors, which reads as follows:    "Even if plaintiff could recover on the policy she could recover only the first installment of $300, since the policy by its terms was payable in installments of $300 each year."   Rules Court of Civil Appeals, Nos. 23, 24, 25, 26; Coles v. Kelsey, 2 Texas, 562, and citations; Swenson v. Walker's Admrs., 3 Texas, 110; Bullock v. Hayter, 24 Texas, 11; Johnson v. Blount, 48 Texas, 45; Crescent Insurance Co. v. Camp, 64 Texas, 525; Phoenix Insurance Co. v. Ward, 26 S. W. Rep., 764.

The Court of Civil Appeals erred in reversing the judgment of the court below.    Meade v. Rutlidge, 11 Texas, 53; Hassell v. Nutt, 14 Texas, 265; Nations v. Cudd, 22 Texas, 552; Railway Co. v. Shirley, 45 Texas, 375; Hearne v. Garrett, 49 Texas, 625; Quinlan's Est. v. Smye, 21 Texas Civ. App., 156.

The contract was entire.    All conditions precedent incumbent on plaintiff had been performed.    The breach of the contract was made by the insurance company in refusing to pay the first installment of the policy after proof of death of insured and demand therefor.    The refusal so to pay applied equally well to each of the nine remaining installments.    There being nothing further to be done by appellee, she was not bound to wait until maturity of succeeding installments or any of them, but could sue for all at once, as was done.    The measure of damages was necessarily the face of the policy and the provisions of the statute.    These were claimed in the petition, were not controverted by answer, and the evidence sustained the charge of the court, verdict of the jury and judgment thereon.

The Court of Civil Appeals erred in rendering judgment payable in terms of the policy.    Rev. Stats., 1895, arts. 1335, 1337, 1336a; Tinsley v. Boykin, 46 Texas, 596; Barbisch v. Oatman, 39 S. W. Rep., 191.

The Court of Civil Appeals erred in granting a rehearing on appellant's eighth assignment of error in its motion for rehearing which reads:    "The court erred in rendering judgment against this appellant for $604.10 attorney's fees and penalty, because if appellant is liable for such attorney's fees and penalty under the statute, it would be liable only for 10 per cent attorney's fees and 12 per cent penalties upon the amount recovered by the appellee, and not for the full amount of the policy."    Rev. Stats., 1895, art. 3071; Johnson v. Blanks, 68 Texas, 495; Banks v. House, 50 S. W. Rep., 1022; Mayer v. Templeton, 53 S. W. Rep., 70; Burns v. Staacke, 53 S. W. Rep., 355.

[From brief for Annie E. English as appellee.]—This contract was construed by the laws of the State of New York which requires a particular kind of notice to be given of the due date of the premiums of life insurance policies, or any portion thereof, before such policies can be forfeited, and appellant did not give such notice of the due date of said note, said note having been given for a portion of a premium due on said policy.  Insurance Co. v. Orlopp, 25 Texas. Civ. App., 284; Insurance Co. v. Smith, 41 S. W. Rep., 680; Insurance Co. v. Dingley, 93 Fed. Rep., 153; Strauss v. Insurance Co., 67 N. Y. S., 509; Banholzer v. Insurance Co., 77 N. W. Rep., 295 and 78 N. W. Rep., 244; Conway v. Insurance Co., 140 N. Y., 79.

The statutes of the State of Texas allowing 12 per cent damages and attorneys' fees in suits against life insurance companies are not in violation of any portion of the Constitution of the United States.  Fidelity and Casualty Co. v. Allibone, 90 Texas, 660; Life Insurance Co. v. Orlopp, 25 Texas Civ. App., 284; Matthews v. Railway Co., 174, U. S., 96.

BROWN, ASSOCIATE JUSTICE.—The application of plaintiff in error presents the same questions that were decided by this court in answer to certified questions propounded by the Court of Civil Appeals.  95 Texas, 391.  In determining those questions we construed the law of New York as we understand it in the light of the decisions of the courts of that State, and we see no reason to change our conclusion as to the proper construction of that statute.  We shall therefore not further discuss the questions which have heretofore been determined. The facts will be found in the report of our former decision, and we will only state here such as are necessary to the determination of the questions herein discussed.

The New York Life Insurance Company issued a policy of insurance upon the life of William E. English, payable to Annie E. English, his wife, for the sum of $3000, to be paid in ten annual installments of $300 each; the first payment to become due upon the delivery to the insurance company of proof of death of said William E. English.

William E. English died October 19, 1900, and proof of his death was presented to the insurance company December 20, 1900, when demand was made for payment of the first installment of $300, which being refused by the insurance company, this suit was instituted on February 2, 1901, in the District Court of Dimmit County, to recover of the insurance company the full amount of the policy with interest at 6 per cent per annum, 12 per cent damages and attorney's fees.  It was alleged that, by reason of the failure and refusal of the insurance company to pay the first installment, the entire sum named in the policy became due.  At the trial in the District Court the presiding judge instructed the jury to find for the plaintiff, Annie E. English, a verdict against the insurance company for the sum of $3000, with 6 per cent interest from the 20th day of December, 1900, 12 per cent statutory

damages, and 10 per cent attorney's fees. The jury returned a verdict in accordance with the charge and judgment was entered in conformity to the verdict. Upon appeal to the Court of Civil Appeals, the judgment of the District Court was reversed and a judgment rendered in favor of Annie E. English against the insurance company for $3000, with execution for the first installment of $300 and 6 per cent interest, 12 per cent damages and 10 per cent attorney's fees upon that amount; and that at the end of each year from the 20th day of December, 1901, execution should issue in favor of the plaintiff against the insurance company for $300 with interest from that date until paid. The Court of Civil Appeals gave judgment for Annie E. English against the insurance company for the costs of the District Court and against her in favor of the insurance company for the costs of the Court of Civil Appeals.

A writ of error was granted in favor of each party. The insurance company objects to the judgment of the Court of Civil Appeals, because it provides for the collection of the installments which were not due at the time this suit was instituted, and we are of the opinion that the objection is well taken and the judgment of the Court of Civil Appeals must be reversed for that reason.

A contract for the payment of money will not support an action until it becomes due and payable according to its terms. Culberson v. Cabeen, 29 Texas, 254. To this rule there are some exceptions not necessary to be stated because the policy sued upon does not come within any one of the exceptions.

A failure to pay any one of the installments provided for in the policy sued upon gave plaintiff a right of action for that installment. 1 Enc. of Pl. and Pr., 154. We have not been able to find any precedent, nor any principle of law, which would permit suit upon the installments of this policy which had not matured because there had been a failure to pay the first. The honorable Court of Civil Appeals cites in support of its judgment in this case, Tinsley v. Boykin, 46 Texas, 596. That case does not give support to the judgment rendered in this case. In the case cited, there were several notes which held a lien upon one tract of land which was not susceptible of division, and the court held that a suit might be brought upon the first note, it being past due, and by making the holders of the other notes parties, the lien could be foreclosed upon the land and the proceeds of the sale equitably distributed in payment of all the notes. The judgment in that case rests upon the fact that it was necessary to dispose of the land, therefore necessary that all of the notes should be foreclosed at the same time. No such necessity is involved in the determination of the rights of the parties in this case.

In its opinion upon a motion for rehearing, the honorable court of Civil Appeals supports the judgment entered by it by the proposition, that the failure to pay the first installment entitled the plaintiff to

sue upon "the entire policy in order that a multiplicity of suits might be avoided." The same reasoning would apply to every contract payable by installments, yet we have been unable to find any precedent for such a proceeding. Out of the multiplicity of such contracts the occasion for such. action must have occurred frequently, and "it is a strong presumption that that which has never been done can not, by law, be done at all." Russell v. Men of Dover, 2 Durnf. & E., 673. The liability of the insurance company, so far as put in issue by the pleading, would have been determined as to the whole policy if the suit had been instituted for one installment only. Lumber Co. v. Buchtel, 101 U. S., 638; Cromwell v. County of Sac, 94 U. S., 356. It does not follow that because the liability of the insurance company under the contract was in issue the entire sum became due.

Since this case will be remanded to the District Court for further trial, the other questions presented in the applications for writs of error become immaterial and will not be discussed.

The evidence as to the attorney's fees is undisputed, but the witnesses had in view the suit for $3000, and we do not feel authorized to fix the attorney's fees in favor of the defendant in error at that per cent upon $300, the sum for which we believe the judgment should have been rendered. It is therefore ordered that the judgments of the District Court and of the Court of Civil Appeals be and the same are hereby reversed, and that this cause be remanded to the District Court for further trial. It is further ordered that the plaintiff in error recover of the defendant in error the costs of the Court of Civil Appeals and of this court.

*Reversed and remanded.*