### ROGER OIL CO. et al. v. NICHOLS. (No. 10749.)

(Court of Civil Appeals of Texas. Fort Worth. June 21, 1924. Rehearing Denied Oct. 18, 1924.)

**1. Limitation of actions ⬥46(9)—Suit on agreement to purchase interest in oil company held not barred.**

Suit, in which petition alleged contract for sale of interest in unincorporated joint-stock company and a subsequent agreement that defendants would pay plaintiff out of the salvage of a derrick and rig and other property when sold, *held* a suit on the second agreement, and not barred by the statute of limitations.

**2. Limitation of actions ⬥46(1)—Cause of action arises only on maturity of debt according to its terms.**

Cause of action on contract for payment of money arises only on maturity of debt according to contract's terms.

**3. Limitation of actions ⬥46(9)—Cause of action on oral agreement for payment of interest in oil company held to arise on breach.**

Cause of action on oral agreement to pay for interest in oil company out of salvage of oil well, derrick, and rig, *held* to arise on the breach thereof, and therefore not barred by statute of limitations.

**4. Frauds, statute of ⬥49—Oral agreement for payment of interest in oil company held not void as not performable within one year.**

Oral agreement to pay for interest in oil company out of the salvage of oil well, derrick, and rig, *held* not void under Rev. St. art. 3965, cl. 5, in that it was not performable within one year from execution for the reason that it might have been performed within less than a year.

**5. Frauds, statute of ⬥158(1)—Not presumed without affirmative showing that conveyance was not in writing.**

In action to recover purchase price of interest in unincorporated oil company, it will not be presumed, in absence of an affirmative showing, that the conveyance was not in writing as required by the statute of frauds (Rev. St. art. 3965, cl. 4).

**6. Appeal and error ⬥209(2), 719(6)—Judgment not reversed for want of proof of consideration for "contract," in absence of assignment or objection.**

Judgment will not be reversed for want of proof of consideration for agreement, where no assignment of error urges such contention, there was no objection to evidence, no request for submission of such issue, nor objection to the court's charge on that ground, and agreed statement of facts recites that "contract" was

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

entered into, thus admitting that all necessary elements of a contract existed.

**7. Contracts ⬤═85—Defendants not relieved from liability by absence of consideration after performance by plaintiff.**

Where part of price of interest in unincorporated oil company was to be paid out of oil produced, and sufficient oil was produced, though subsequent agreement for payment out of proceeds of sale of other property was without consideration, buyers are not relieved of liability after seller has performed by extending time.

Appeal from Throckmorton County Court; John Lee Smith, Judge.

Suit by L. W. Nichols against the Roger Oil Company and others. From a judgment for plaintiff, defendants appeal. Affirmed.

T. R. Odell, of Throckmorton, for appellants.

Reynolds & Howsley, of Throckmorton, for appellee.

CONNER, C. J.   This suit was instituted by L. W. Nichols on March 28, 1923, against the Roger Oil Company, an unincorporated joint-stock company, and certain of its named trustees, alleging, in substance, that at the time of the organization of the company the plaintiff owned a one-fourth interest therein and was to share in all of its profits and losses; that this one-fourth interest was evidenced by a written contract; that on or about the 10th day of September, 1920, the plaintiff sold his one-fourth interest to said company and the trustees named for a consideration of $1,000, $500 of which was paid to plaintiff in cash at the time, and the remainder by the terms of the agreement was to be paid out of the profits of the first oil that was sold from the well then being drilled on the land, described as block No. 56 in the town of Breckenridge, Stephens county; that the well came in and produced oil in sufficient quantity to pay the plaintiff the said $500 which was due him, but the trustees of said company desiring to use said money for other purposes, it was agreed by all parties that the defendants would pay the plaintiff "out of the salvage when the derrick and rig and other property of said company was sold, the well in the meantime having failed to produce any more oil"; that said derrick and rig and other property was sold on or about March, 1922, for $2,000. It was further alleged that the defendants have refused to pay said $500, though often requested to do so, and plaintiff's prayer is for its recovery.

The defendants answered by excepting to the plaintiff's petition on the grounds: First, that it was not sufficiently clear in its statement of the time and place when the original agreement, if any, had in fact been entered into; second, that the second agreement in the petition appeared to be oral, and it was. not alleged that the said contract was to be performed within one year from the time. the agreement was entered into, and the. statute of frauds was invoked in opposition. to this phase of the petition; third, that it. appeared from the allegation of plaintiff's petition that the cause of action, if any, had accrued more than two years before the commencement of the suit, and that the same therefore was barred by the statute of limitation. The defendants further pleaded a general denial and the two years' statute of limitation.

The case was submitted to a jury on special issues, to which the jury answered, in substance, that the plaintiff owned a one-fourth interest in the Roger Oil Company, and that he later entered into an agreement whereby he sold his interest for the amount of $1,000; that he received $500 in case of that amount; that the defendants failed to pay the plaintiff $500 due, and they further agreed to pay him out of the salvage of the derrick, rig, etc., of the well owned by the company; that the jury did not know when the parties made the later oral contract to pay the plaintiff out of the salvage, etc.; that this later oral contract had been entered into more "than two years ago"; and that the plaintiff's cause of action accrued "in January, 1922."

Upon the findings so returned, judgment was rendered by the court in plaintiff's favor for $500 and directed the defendant trustee in charge, A. P. Broiles, to pay over to the plaintiff any money that he might have in his possession belonging to the Roger Oil Company or other trustees named in the judgment "up to the amount of $500 and the amount of costs incurred in this suit." From the judgment so rendered, the defendants have duly appealed.

[1, 2] Appellant's first proposition is that—

"A verbal contract entered into more than two years before the plaintiff filed suit was barred by the two years' statute of limitation."

The proposition, we think, is not maintainable as against either phase of the plaintiff's petition. Fairly construed, we think the petition presents, as plaintiff's cause of action, not the original agreement whereby plaintiff sold to the defendants his interest in the oil company, but the second or oral agreement whereby plaintiff, in effect, extended the time of the payment of the last installment of $500 until the sale of the salvage owned by the company. It seems evident that the recitations of the petition of plaintiff's interest in the oil company and of the sale of that interest was but introductory and explanatory of the second agreement made the foundation of plaintiff's case. It is there-

fore immaterial that the first agreement, to the effect that plaintiff should be paid the unpaid $500 out of the first oil produced by the well, had been made, and that the failure to comply therewith had occurred more than two years prior to the filing of the petition. The cause of action on a contract for the payment of money arises only upon the maturity of the debt according to the terms of the contract. Culbertson v. Cabeen & Jarman, 29 Tex. 247; New York Life Ins. Co. v. English, 96 Tex. 268, 72 S. W. 58.

[3, 4] Nor do we think the fact that the second or oral agreement to pay plaintiff out of the salvage, etc., was made more than two years prior to the institution of the suit, available as a defense under the two years' statute of limitation. The cause of action did not arise upon the making of the contract; it arose only upon the breach of that contract, which, by the finding, was less than two years prior to the institution of the suit. Nor do we think the second contract void under the fifth clause of our statute of frauds (Rev. Stats. art. 3965), in that it was not performable within the space of one year from the making thereof. The contract was for the payment upon the sale of the salvage. This might have occurred within less than a year, and, therefore, not within that clause of the statute of frauds. T. & P. C. & O. Co. v. Patton (Tex. Com. App.) 240 S. W. 303; City of Tyler v. St. L. S. W. Ry. Co., 99 Tex. 491, 91 S. W. 1, 13 Ann. Cas. 911; Lincoln v. Kirk (Tex. Civ. App.) 243 S. W. 671.

[5, 6] Neither the petition nor the facts bring the case within the fourth clause of the statute of frauds, to the effect that contracts for the sale of lands or of interests therein shall be in writing. It is distinctly alleged, and the facts so show, that plaintiff's interest was evidenced by an instrument in writing, and it is immaterial, we think, that it was neither alleged nor affirmatively shown that the actual conveyance of such interest was in writing. There is no contest in this case of title. It is both admitted and proven to be in the defendants, and in neither petition nor evidence does it affirmatively appear that the conveyance was not in writing, and in the absence of such a showing we would not in any view of the case so presume. The only question about which we think there can be any reasonable doubt is whether the second or extension agreement, as we shall term it, is sufficiently supported by a consideration. If we assume, as we will, that the original consideration for appellants' promise to pay for appellee's interest in the oil lease is not available in support of the subsequent agreement, we nevertheless must overrule appellants' contention that the judgment must be reversed because of a want of affirmative proof of independent additional consideration for the

later or oral agreement to pay plaintiff $500 out of the salvage, etc. In the first place, no assignment of error is presented which specifically urges said contention, nor do we find that the evidence in support of the second agreement was objected to on the ground that no consideration therefor was shown, nor did appellants request the submission of any such issue or object to the court's charge because of a failure to do so. On the contrary, the record indicates that the validity of the new agreement was assumed. The agreement in the approved statement of facts, after setting out the original agreement, recites that—

"Plaintiff entered into a new contract which was verbal with the said trustees (naming them), wherein the said trustees agreed to pay plaintiff out of the salvage when the derrick and other property of said company was sold."

The only objection to this contract was that inasmuch as it was made more than two years before the institution of the suit, it was barred by limitation. The agreed statement to the effect that the second agreement was a "contract" carries with it an admission that all of the necessary elements of a contract, including that of a consideration, existed. Moreover, this case is distinguishable from such cases as Yeary v. Smith, 45 Tex. 56, and Helms v. Crane, 4 Tex. Civ. App. 89, 23 S. W. 392. In the case first named, a surety sought to be relieved from his obligation on the ground that a principal had made an agreement with the debtor extending the time of payment, and in disposing of the case the court said:

"An agreement to give time in consideration of the mere payment of a part of the debt is a nudum pactum, and does not discharge the surety."

In the second case cited, it was held that an agreement to extend a note on payment of the accrued interest was without consideration and unenforceable. It is to be noted that in these cases the debtor alleged that the party promising to extend had failed to comply with his agreement to so do, but the case here is one in which the party promising to extend has in fact extended the time of payment in accordance with the terms of the agreement, and the debtor has received the full benefit of the full performance of the agreement to extend. We think the principle applicable to the circumstances of this case falls within the principle discussed by Mr. Williston in volume 1 of his work on Contracts (section 106, p. 223). He there says:

"As is shown elsewhere each promise in a bilateral contract must be sufficient consideration for the other, or both promises are invalid. Accordingly if either promise is too indefinite for enforcement, or if either promise is insufficient consideration, both promises fail. But a

promise that was originally too indefinite, may by performance become definite and as the other party to the bargain must be regarded as continuously assenting to receive such performance in return for his own promise, a valid unilateral contract arises on receipt of such performance. So a bilateral agreement illegal in the inception, because it was made on Sunday, may by performance on one side on Monday become a valid unilateral contract. So if the promise on one side of a bilateral agreement is invalid as consideration because it promises nothing detrimental to the promisor or beneficial to the promisee, though both promises are consequently invalid, yet if performance is made of the counter promise and that performance was something detrimental to the promisor or beneficial to the promisee, the promise which was itself insufficient as consideration, thereupon becomes binding, since sufficient consideration has now been received for it, and it is no longer necessary that the promise which was insufficient as consideration should serve as such. This is because only promises need consideration. Transfers, or other actual performances may be made without consideration. Unilateral contracts must be supported by consideration only on one side. So in the case supposed, the performance which has been rendered needs no consideration though the promise to give it originally did. Since the performance has been rendered under no mistake of fact, it cannot be recovered back, and being received as the consideration for a promise, that promise now becomes binding. It certainly cannot lie in the mouth of the promisor to say that since the promise, which he has made is of such slight value he will not perform it at all though he has been paid for doing so. So while a promise void for incapacity of the promisor will not support a counter promise, if the void promise is actually performed, the performance may become sufficient consideration to support the counter promise. And other instances may be found where a bilateral agreement originally unenforceable gives rise, when performed on one side, to a binding unilateral contract."

The principle embodied in the quotation from Williston finds an application in the case of Rose v. Ry. Co., 31 Tex. 49. In that case the railway company sued to recover upon the promise of Rose to pay the sum of $1,000 when it or its assigns should have constructed a line of railway from the city of Lavaca to Victoria, and kept the same in operation between the said points for a period of one year. It was admitted or proved that the conditions upon the happening of which the note became payable had taken place, but Rose defended on the ground, among others, that the promise to build the road did not form a valuable consideration for the note. The court, in disposing of the case, overruled the contention that there was no consideration, quoting from Mr. Parsons on Contracts to the effect that—

"The thing done is itself a sufficient and completed consideration, and the original promise to do something if the other party would do

something is a continuing promise, until that other party does the thing required of him."

The court further quoted with approval from Mr. Parsons to the effect that—

"The binding obligation of contracts or promises to do something, provided, or on condition, or when the other party shall do some other thing, is well recognized."

[7] In the case before us, as already stated, even though it be conceded that the plaintiff could not have been compelled to delay payment because of a want of consideration until the salvaging of the property of the oil company, yet having done so, and thus fully performed his agreement in this respect, and the defendants having thus received the full benefit of the delay and all of the consideration in contemplation by them at the time of their promise to pay plaintiff $500 upon the sale of the salvage, they are in no position to be now relieved on the ground that the plaintiff received no consideration for his promise to extend the time of payment of his debt.

It may not be inappropriate to refer to a further principle that would seem to preclude appellants from the defense of a want of consideration: Assuming, as is done, that plaintiff received no consideration for his promise to delay payment, he at least agreed to waive his right of immediate payment and to forego an immediate prosecution of a suit to recover his debt. In 40 Cyc. p. 263, par. 5, it is said:

"In the absence of conduct creating an estoppel, a waiver should be supported by an agreement founded upon a valuable consideration, although a consideration, such as is necessary to support a contract, is not always essential. Where the acts or conduct of a party are such as to estop him from insisting upon the right claimed to have been relinquished, no consideration is necessary."

Plaintiff's right to recover the $500 in controversy, under the terms of the sale of his interest in the oil company and of the defendants' agreement to pay that sum out of the oil, accrued more than two years prior to the institution of this suit, and evidently is subject to the two years' statute of limitation pleaded by defendant; and we think it would be plainly inequitable to now permit appellants to be relieved of their obligation to pay plaintiff after having at his own request secured the postponement and its benefits.

There is a further assignment of error to the effect that the court erred in permitting the issue of when plaintiff's cause of action accrued, but while it is true that this was a question of law and not proper for the jury's finding, yet the finding is in accordance with the undisputed facts, and the submission of the issue is therefore wholly immaterial.

We conclude that the record discloses no

material error, and therefore that all assignments of error and propositions should be overruled and the judgment affirmed.

BUCK, J., not sitting.