PAN–AMERICAN LIFE INS. CO. v.
WELCH et al.
No. 2580.

Court of Civil Appeals of Texas. Beaumont.
July 30, 1934.

Rehearing Denied Sept. 19, 1934.

McBride, O'Donnell & Hamilton, of Dallas, for appellant.

Sanders & McLeroy, of Center, for appellees.

O'QUINN, Justice.

On August 5, 1925, and November 5, 1926, appellant issued its group insurance policies Nos. 120 and 120A to the El Paso Electric Company insuring said company's employees, and on said dates issued its certificates of insurance to said employees. At and before the issuance of the said group insurance policies, William J. Welch was an employee of the El Paso Electric Company in the operation of its street cars. On said dates, to wit, August 5, 1925, and November 5, 1926, appellant issued to said William J. Welch its certificates of insurance, No. 303 under group policy No. 120, and No. 249 under group policy No. 120A. The provisions of the policies are identical, as were also the certificates. The certificates issued to Welch insured him in the sum of $1,000 each. They provided for a death benefit in the sum of $1,000, and a health or disability benefit in the sum of $1,000; the total coverage in the two certifi-

cates being $2,000. The beneficiary in each certificate was William Thomas Welch, the father of said William J. Welch, but before the death of William J. Welch, the insured, he married and changed the beneficiary in one of the certificates (No. 249) to his wife. She died without issue before William J. Welch ceased to be an employee of the El Paso Electric Company. On February 27, 1932, William J. Welch died, and on March 1, 1933, appellee William Thomas Welch filed this suit in the district court of Shelby county, Tex., against appellant to recover upon the two certificates above mentioned.

Each of the certificates sued upon provided:

"Pan-American Life Insurance Company
"New Orleans, Louisiana

" * * * Under and subject to the terms and conditions of a Group Contract of Insurance No. 120, issued and delivered to the El Paso Electric Co. Employees' Association, (hereinafter called the Assured) and covering members of the Assured who are employees of the El Paso Electric Co., Rio Grande Valley Traction Co., or El Paso & Juarez Traction Co., (hereinafter called the Employers) insures the life of William J. Welch (hereinafter called the Employee) for the sum of One Thousand Dollars, payable to William Thomas Welch, his father as Beneficiary, (subject to the right to change such Beneficiary reserved in said contract) if death shall occur while an employee of the Employers during the continuance of said contract. Such payment at the election of the Assured shall be paid either in one amount or in a fixed number of payments at intervals of not less than one month and covering a period of not exceeding one year.

"The insurance provided for by said contract terminates with the termination of employment with the said employers, or the termination of membership with the said Assured, unless the employee shall elect to continue the insurance in accordance with the Conversion Privilege printed on the second page of the Certificate and which is made a part hereof.

"The provisions for permanent total disability benefits printed on the second page of this Certificate are, subject to the terms and conditions of said contract, made a part hereof. * * *

"Permanent Total Disability Benefits

"If any employee insured under said contract shall furnish the Company with due proof that he has, before having attained the age of sixty, become wholly disabled by bodily injury or disease and will be permanently, continuously and wholly prevented thereby from engaging in any occupation or employment for wage or profit, the Insurance Company, three months after receipt of due proof of such disablement, shall, in full settlement of all obligations under this certificate, begin making payment to the employee of the insurance provided for on page one, under one of the following plans at the option of the employee:

"Sixty monthly installments at the rate of $18.00 per thousand dollars of insurance.

"Five annual installments at the rate of $214.00 per thousand dollars of insurance.

"Ten annual installments at the rate of $116.18 per thousand dollars of insurance.

"Fifteen annual installments at the rate of $83.90 per thousand dollars of insurance.

"Twenty annual installments at the rate of $67.98 per thousand dollars of insurance.

"Should the employee die before all installments are paid, any remaining installments will be paid to the beneficiary."

Appellees alleged that on December 31, 1931, William J. Welch, while an employee of the El Paso Electric Company, became totally and permanently disabled by insanity, which disease concurrently and proximately caused his death on February 27, 1932, and that said insurance evidenced by said policies and certificates of insurance matured and became demandable on said date, December 31, 1931, or, in the alternative, on February 27, 1932, the date that William J. Welch died, and that appellant became indebted to appellees in the amount thereof, to wit, $2,000; and, in the alternative, that, if they were not entitled to recover in a lump sum, then under the provisions of the policies and certificates of insurance they were entitled to recover as per one of the installment payment plans, and elected to recover under the plan of five annual installment payments in the sum of $214 per each $1,000 of insurance, and alleged that two of such installments, or $428, were due at the time of filing their first amended original petition, July 22, 1933, and that one such installment would fall due annually thereafter and prayed for general relief. They further alleged that notice of the death of William J. Welch was given ten days after same occurred; that demand for payment had been made more than thirty days before the filing of the suit, which was refused, and by reason thereof they were entitled to recover 12 per cent. of the amount

claimed as a penalty, and also to recover attorney's fees in the sum of $500, which they alleged was reasonable.

Appellant answered by general demurrer, and specially excepted to appellees' petition because (a) it appeared therefrom that the death of William J. Welch occurred on February 27, 1932, and it was not alleged that he had not terminated his employment with the El Paso Electric Company, nor his membership in the El Paso Electric Company Employees' Association on that date; and (b) it was not alleged that William J. Welch, or any one for him, had furnished the company with due proof of his alleged disability, it appearing from the contracts of insurance sued upon that the furnishing of such proof was a condition precedent to recovery for such disability.

It further answered by general denial, and specially (a) that prior to the death of William J. Welch, on, to wit, December 31, 1931, he had terminated his employment with his employers named in the contract of insurance sued upon, and had terminated his membership in the assured organization, the El Paso Electric Company Employees' Association, and that said Welch did not elect to continue the insurance in force as provided in the "Conversion Privilege" set out in the insurance contracts, wherefore at his death there was no insurance in force with appellant, said insurance contracts having been fully terminated; and (b) denied that William J. Welch became totally and permanently disabled while said insurance was in force, and pleaded that the liability of the insurer was conditioned upon the making of due proof of such disability by the insured as provided in the insurance contracts, and that no proof of such disability was furnished by William J. Welch, or by any one for him, while he was an employee and insured under said contracts and for three months prior to his death, wherefore the provisions as to total disability never came into effect, and there was no liability on the part of appellant to appellees or any one else by reason of any disability suffered by said Welch, deceased.

By supplemental petition appellees replied to the answer of appellant in which they denied the allegations in said answer, and pleaded waiver and estoppel against appellant on the ground that appellee William Thomas Welch, through his attorney, had written appellant some ten days after the death of the insured informing it of said death and the cause thereof, and requesting it to furnish blank proofs of such loss, which it failed to do, and thereby waived the making of proof of loss and was estopped to set up same as a defense.

Euleta Perisho, a sister of deceased, William J. Welch, intervened and alleged that the beneficiary of one of the certificates (No. 249) issued to her brother William J. Welch for the sum of $1,000 was his wife, that said wife predeceased said Welch without issue, and that she, intervener, and her father, appellee William Thomas Welch, were the only heirs of said William J. Welch, and therefore she was entitled to a portion of the proceeds of said certificate.

The case was tried to the court without a jury, and judgment rendered for appellees against appellant for the principal amount of the insurance certificate, $2,000; 12 per cent. penalty in the sum of $240; interest on the principal amount in the sum of $52.90; and $500 attorney's fees, same to be taxed as costs, the judgment totalling the sum of $2,792.90. The case is before us on appeal.

The court filed findings of fact and conclusions of law. There is also in the record a full and regular statement of facts, agreed to by the parties and approved by the court.

The court's finding that William J. Welch, the insured employee, was a member of the El Paso Electric Company Employees' Association at the time of his death, February 27, 1932, is not supported by the record. Welch worked December 31, 1931. That was the last day he performed any character of service for his employer. On January 1, 1932, he failed to work and was given a "clearance slip," which terminated his employment, and likewise terminated his membership in the El Paso Electric Company Employees' Association. As hereinbefore set out, the certificates of insurance on the life of the deceased were payable only in case he died "while an employee of the employer," the El Paso Electric Company. He ceased to be an employee when he received his "clearance slip" on January 1, 1932. He died February 27, 1932. Under the provisions of the policies and certificates, and the undisputed facts, the death insurance was not in effect at the time of his death, and judgment as for death insurance could not be rendered, and, as the judgment does not recite for what it was rendered, death or disability benefit, it must be held that it was for disability indemnity, as that was the only judgment the court could render.

But appellant contends that no recovery could be had on the certificates for "Permanent And Total Disability Benefits," because no proof that deceased had suffered

such disability had been made to the insurance company, as provided in the certificates and policies. This contention is overruled. As shown supra, the provision in the policies and certificates for permanent total disability benefits reads: "If any employee insured under said contract shall furnish the company with due proof that he has, before having attained the age of sixty, become wholly disabled by bodily injury or disease and will be permanently, continuously and wholly prevented thereby from engaging in any occupation or employment for wage or profit, the insurance company, three months after receipt of due proof of such disability, shall, in full settlement of all obligations under this certificate, begin making payment to the employee of the insurance provided for on page 1, under one of the following plans at the option of the employee," and then follows five installment provisions (set out supra in stating contents of certificates under paragraph headed "Permanent Total Disability Benefits"), from which the employee may select the plan of his being paid. The policies further provided that, "should the employee die before all installments are paid, any remaining installments will be paid to the beneficiary."

The undisputed evidence shows that on December 31, 1931, deceased was an employee of said electric company and a member of the employees' association, and entitled to the protection and benefits of the insurance provided. He worked on that day. We think that the evidence clearly shows that on that date he was stricken with an incurable and fatal malady, to wit, insanity, which not only wholly disabled him from engaging in any character of work or employment for wages, but which continuously and rapidly grew worse, and on February 27, 1932, caused his death. So that on the day he received his disability he was an employee of the El Paso Electric Company, and a member of the El Paso Electric Company Employees' Association. At no time after said December 31, 1931, was deceased mentally competent to undertake and make, or have others to make for him, any sort or proof to the insurance company of his disability. It is insisted by appellant, not only that "due proof" of disability must be made by the disabled employee, but that same must be made while he is still an employee of the company and a member of the employees' association. This contention is without merit. Neither the policies nor the certificates provide any time within which the proof of disability must be made. They merely provide that upon "due proof"

of the disability payment of the insurance will be made as per the scheme set out. It is nowhere provided that the proof shall be made while the disabled party is still "an employee." If such was intended, as appellant furnished and worded the contract, it should have in apt language so stated. In the absence of such a provision plainly stated, the instrument must be construed against appellant's contention, and further that such meaning was not intended. The rule is universal that, where the terms of an insurance policy are of doubtful meaning, that construction most favorable to the insured will be adopted. State Life Ins. Co. v. Barnes (Tex. Civ. App.) 58 S.W.(2d) 189.

■■ Moreover, we think that the contention of appellant relative to the making of proof of disability and the time when same should have been made are without merit because:

(a) The testimony shows without dispute that, after the insured was stricken with insanity on December 31, 1931, until the time of his death on February 27, 1932, he at no time was mentally competent to make or to have others make for him such proof. It being impossible for him to furnish proof of his disability during his lifetime, because of his affliction, this would be sufficient legal excuse for the delay in making such proof. Mid-Continent Life Ins. Co. v. Hubbard (Tex. Civ. App.) 32 S.W.(2d) 701 (writ refused); Missouri State Life Ins. Co. v. Le Fevre (Tex. Civ. App.) 10 S.W.(2d) 267; State Life Ins. Co. v. Barnes (Tex. Civ. App.) 58 S.W.(2d) 189; State Life Ins. Co. v. Fann (Tex. Civ. App.) 269 S. W. 1111 (writ refused); Merchants' Life Ins. Co. v. Clark (Tex. Civ. App.) 256 S. W. 969 (writ refused). While the cited cases are not directly on the identical state of facts as the instant case, yet they are directly decisive of the principle involved. In the cited cases it was held, where there was failure to make proof of disability literally in compliance with the contract of insurance, and such failure was due to the insured's disabled condition, that this contingency excused him from so doing. In the instant case insured's failure to make proof of his disability was caused alone by his disabled condition, which continued without interruption from the last day he worked until the day of his death.

■ (b) The evidence shows, and it is not disputed, that about ten days after insured's death the beneficiary, appellee William Thomas Welch, notified appellant of the insured's death and the cause of his death, and requested blanks with which to make proof. This

request was ignored. Thereafter attorneys for appellee Welch again notified appellant of insured's death and demanded payment of the insurance. Appellant replied, denying any liability in the premises. This act of appellant waived the making of any character of proof, either of death or of disability. 24 Tex. Jur., subject, Insurance, § 292, pp. 1111–1114 (and authorities cited in footnote 19). However, the record discloses that on March 18, 1933, appellee William Thomas Welch furnished appellant proof of deceased's disability by reason of insanity and his resultant death therefrom. The cause was tried on appellees' first amended original petition filed July 22, 1933.

Appellees insist that the judgment for recovery in a lump sum was proper because the policies and certificates of insurance contained two provisions for payment, one by installments in case of disease and the other in full in case of death, on either of which, they say, the court could have rendered judgment, and that, as the case was tried before the court, the judgment for full recovery was proper. It is true that the insurance policies and certificates did provide for two methods of payment, but the one for payment in lump sum related only to liability by reason of the death of the employee. It reads: "Upon the death of an employee insured hereunder, the amount payable will upon receipt of due proof from the assured, be paid either in one sum or in a fixed number of payments at intervals of not less than one month and covering a period of not exceeding one year."

The contract as to payment of disability benefits contains no such provision. The judgment for the payment of the disability insurance in one sum ($2,000) was error. The disability insurance being payable in a series of installments, the entire amount did not become due upon the death of the insured, neither did the refusal of appellant to pay the first or any installment accelerate the payments and permit recovery for them in one sum. New York Life Ins. Co. v. English, 96 Tex. 268, 72 S. W. 58; Southwestern Surety Ins. Co. v. Curtis (Tex. Civ. App.) 200 S. W. 1162, 1165; Parlin & Orendorff Implement Co. v. Frey (Tex. Civ. App.) 200 S. W. 1143; State Life Ins. Co. v. Atkins (Tex. Civ. App.) 9 S.W.(2d) 290. As stated in the early part of this opinion, appellees pleaded in the alternative that, if they were not entitled to recover in a lump sum, then, under the provisions of the policies and certificates, they were entitled to recover as per one of the installment payment plans and elected to re-

cover under the five annual installment payment plans in the sum of $214 per each $1,000 insurance, and alleged that two of such installments, that is, one installment on each of said certificates, were due at the time of the filing of their first amended original petition, July 22, 1933, and that one such other installment would fall due annually thereafter until the whole amount thus matured. The judgment should have been for $428 in accordance with this pleading.

Mrs. Euleta Perisho's right to share with her father, William Thomas Welch, the insurance represented by the last policy and certificate (No. 249) issued to deceased William J. Welch, is not contested in the event liability against appellant exists.

The recovery for 12 per cent. of the amount of insurance claimed ($2,000) as penalty in the sum of $240, in view of our holding, was error, appellees being entitled to recover 12 per cent. penalty only as to $428; that being the amount of the two installments due at the time the judgment was rendered, or $51.36 penalty. The judgment for attorney's fees in the sum of $500 will have to be reversed, and that feature of the case remanded for another trial. The claim for same was based upon a suit and judgment for a present recovery of $2,000, the full amount of the insurance. Under the holding in New York Life Insurance Co. v. English, 96 Tex. 268, 72 S. W. 58, this could not be had.

From what we have said it follows that the judgment should be reformed so that appellees have judgment for the sum of $428, the amount of the two installments of insurance due on the date of the judgment, together with 12 per cent. penalty on said amount in the sum of $51.36, and 6 per cent. interest on this judgment until paid; and that the judgment as to attorney's fees be reversed and remanded for another trial as above indicated. Accordingly the judgment is reformed, and, as reformed, affirmed in part, and reversed and remanded in part. The action here taken in reforming and affirming the judgment below as to the installments which were not due is without prejudice to the right of appellees to sue for and recover such installments as they mature. The costs of this appeal will be taxed against appellees.

Upon original submission we filed our opinion herein reversing and rendering the judgment in part, and reversing and remanding in part. Upon rehearing, after carefully reconsidering the whole case, we withdraw our opinion originally filed, and substitute this as our opinion herein.