## METROPOLITAN LIFE INS. CO. v. EVANS.

### No. 2978.

Court of Civil Appeals of Texas. Beaumont.

July 2, 1936.

Fred R. Switzer, of Houston, for appellant.

O. M. Lord, of Beaumont, for appellee.

WALKER, Chief Justice.

This suit was instituted in the county court of Jefferson county at law by appellee, Charlie Evans, against appellant, Metropolitan Life Insurance Company, upon a policy of life insurance. For cause of action appellee alleged that he was totally disabled within the provisions of the policy and entitled to the sum of $800 to

be paid in monthly installments of $25.96 each, beginning with June 1, 1935. On September 24, 1935, on the verdict of the jury, judgment was entered in appellee's favor against appellant that he "do have and recover of and against the defendant, Metropolitan Life Insurance Company, a corporation, the sum of Eight Hundred dollars ($800.00) due and payable in thirty-two monthly installments of Twenty-five dollars, ninety-six cents ($25.96) each, beginning June 1, 1935; three installments are due and matured and the remaining installments payable as they accrue on the first day of each and every month after the date of this judgment, with interest thereon as it accrues at the rate of six per cent per annum from maturity until paid."

We sustain appellant's proposition that the amount in controversy was less than $200, and therefore the county court of Jefferson county at law did not have jurisdiction of appellee's cause of action. When this case was tried, only four installments, totaling $103.24, had matured; that gross sum was the amount in controversy and was less than the original jurisdiction of the county court.

Because appellant refused to pay the monthly installments as they accrued, on appellee's theory of the case he insists that he had the right to sue for the full coverage of the policy as for total permanent disability and that the full coverage was $800. We had that very point before us in American National Ins. Co. v. Briggs, 70 S.W.(2d) 491, 493, on facts on all fours with the facts of this case; and in ruling against appellee's contention we said: "The court erred in refusing to strike from appellee's petition his claim for 'anticipatory' damages; that is, for the installments not matured on the date of trial. His cause of action in this suit was limited by the terms of the policy to the monthly payments of $30 which had matured at the date of the judgment.

Where the conditions of an insurance policy are that its benefits are to be paid in monthly installments or on specified dates, maturing after the occurrence of the event insured against, the refusal to pay, that is, the denial of liability under the policy by the insurer, does not accelerate the maturity of future installments. A most satisfactory discussion of this proposition is found in Howard v. Benefit Ass'n, 239 Ky. 465, 39 S.W.(2d) 657, 81 A.L.R. 375, by the Court of Appeals of Kentucky. On identical facts, discussing this proposition, in New York Life Insurance Co. v. English, 96 Tex. 268, 72 S.W. 58, our Supreme Court said: 'A contract for the payment of money will not support an action until it becomes due and payable according to its terms. * * * We have not been able to find any precedent, nor any principle of law, which would permit suit upon the installments of this policy which had not matured because there had been a failure to pay the first.' This case by our Supreme Court was recognized as controlling authority by the Commission of Appeals in Pollack v. Pollack, 46 S.W.(2d) 292."

Appellee strenuously insists that this case is controlled by the Pollack Case, cited above in the quotation from the Briggs Case. We say again, as we said in the Briggs Case, that Judge Critz in the Pollack Case cited with approval the English Case. We know of no case by our Supreme Court that has ever questioned the soundness of the English Case; that case was decided upon principles generally recognized by American jurisprudence, and recently reaffirmed by the Supreme Court of the United States, in New York Life Ins. Co. v. Viglas, 56 S.Ct. 615, 80 L.Ed. ——. In Pan-American Life Ins. Co. v. Welch, 74 S.W.(2d) 408, this court cited with approval the English Case.

For the reason stated the judgment of the lower court is reversed and the cause remanded.