## ÆTNA LIFE INS. CO. v. SWAIN et al.
### No. 11098.

Court of Civil Appeals of Texas. Galveston.

Feb. 13, 1941.

Rehearings Denied March 20, 1941.

Fouts, Amerman & Moore, of Houston, for appellant.

Burris & Benton, of Houston, for appellees.

GRAVES, Justice.

These respective statements from the briefs of the parties are deemed sufficient:

"This is an action on a certificate of insurance issued by the Ætna Life Insurance Company to appellee under a group policy insuring certain employees of the Humble Oil & Refining Company against death and total and permanent disability. Appellee was insured (against death and total and permanent disability) in the amount of $2000.00, and this suit was filed by appellee to collect the accrued monthly installments which appellee claimed had matured and become due under the policy commencing from the date on which she had notified the company of her claimed total and permanent disability. The group policy and certificate provided that the company would commence the payment of the monthly installments due under the policy for total and permanent disability six months after the receipt at the home office of satisfactory evidence of such disability. This action was filed prior to the expiration of the six months' period and the court upon a jury verdict rendered judgment in favor of appellee in the sum of $330.00, plus $39.60 penalties, plus attorney's fees in the amount of $175.00, which judgment was arrived at, in so far as the principal amount was concerned, by including installments commencing with the date on which notice of total and permanent disability was received at the home office of the appellant company, rather than six months from said date. The judgment was entered without prejudice to the rights of the Ætna Life Insurance Company, in so far as future liability under the policy and certificate was concerned. The Ætna Life Insurance Company has duly perfected its appeal from this judgment and this case is therefore properly before this court for review and determination."

The statement by appellant is sufficient, with the following corrections:

"Appellee, prior to the institution of this suit, advised appellant of her disability and requested of appellant blanks for making proof of loss, which were furnished to her by the appellant, and appellee completed the blank provided to her for such purpose and returned it to the company. The proofs furnished by appellee, contained a positive statement by her attending physician that it was his belief that her disability would be permanent. Appellant arbitrarily refused to consider such proof as sufficient prior to the expiration of the six months' period after the making of the same. Appellee, after the receipt of the denial of liability by appellant, and before the expiration of the six months' period, filed this suit."

The appealed-from judgment was rendered both in response to the jury's findings on special issues submitted and the court's independent findings from the evidence; in brief substance, the jury's answers were that appellee had sustained, on March 14 of 1939, from drinking a solution containing ammonia, totally and permanently-disabling bodily injuries, which disability began after March 14 and before June 19 of 1939; that $175 was a reasonable fee to be allowed appellee's attorneys for their legal services to her in this case; that her disability was neither partial nor temporary, nor could it be relieved even in part by any reasonable medical treatment during her life.

The court's added findings were these:

"And it appearing to the Court that the plaintiff, Mrs. Ethel D. Swain, furnished to the defendant Ætna Life Insurance Company in June, 1939, satisfactory evidence that while insured under the group policy No. 5357 issued by defendant to Humble Oil & Refining Co. and subsidiary companies and certif. No. 5539 that she became totally disabled by bodily injuries from engaging in any occupation for compensation or profit; and that she will be so disabled for life;

"And it further appearing to the Court that the defendant Ætna Life Insurance Company denied liability to the plaintiff Mrs. Ethel D. Swain under said group policy of insurance and certificate issued, to her;

"And it further appearing to the Court that the plaintiffs made due demand upon the defendant Ætna Life Insurance Company for the payment of benefits due Mrs. Ethel D. Swain more than thirty (30) days prior to the filing of plaintiff's amended petition herein; and it further appearing to the Court that plaintiffs requested defendant to increase the first monthly payment to One Hundred and Fifty Dollars ($150.00) and to increase each succeeding monthly payment to Thirty six dollars ($36.00) per month."

Among a number of propositions urged with that objective, the appellant presents, for reversal, these two:

"Eighteenth Proposition.

"The court should not have rendered judgment in the amount of $330.00, with 12 per cent penalties in the amount of $39.-60, for the reason that said amount under the pleadings was based on the holding by the court that appellant was obligated to commence payment from the date notice of total and permanent disability was given by appellee to the home office, whereas under the pleadings, the evidence, and the terms of the group policy and certificate upon which appellee's action was based, the appellant company was in no event obligated or bound to pay any amount to appellee until after the expiration of six months from receipt of such notice."

"Nineteenth Proposition.

"The court should not have rendered judgment for 12 per cent penalties in the amount of $39.60, and attorney's fees in the amount of $175.00, for the reason that there was no proof of a demand having been made, as required by law, and a refusal by appellant company to pay appellee's claim in accordance with the terms of the group policy and certificate, after demand had been made, as required by law; that when request for additional evidence of total and permanent disability was made by appellant, under the terms of the policy, no such proof was furnished."

The quoted propositions are both thought to be well taken; in the first place, the appellee sought benefits for disability, not death, which, under the terms of her policy, were payable, expressly by its terms, in monthly installments, payments, in a lump sum being called for only as to death benefits. As this court reads the holdings of our Texas courts as to such a contract, a refusal of the appellant to pay the first, or any succeeding installment, even if undisputedly made, did not authorize the acceleration of the other payments, and permit recovery of them all at once in a lump sum. New York Life Ins. Co. v. English, 96 Tex. 268, 72 S.W. 58; Pan-American Life Ins. Co. v. Welch, Tex.Civ.App., 74 S.W.2d 408, and cited authorities at page 414, bottom column 1.

In the second place, the theory upon which the able trial court accelerated the specified monthly installments, which by the contract were only to begin six months after the insurance company had received satisfactory proof of the disability—that is, that appellant had denied its liability before the expiration of the six months provided for—is not sustained by the evidence; indeed, it seems clear to this court that, from the undisputed evidence, no such denial of liability, within the meaning given those terms by our courts, occurred; to the contrary, that evidence is to the effect that appellant, through its claim examiner, in reply to a letter from appellee's attorneys of August 1 of 1939, making formal demand in appellee's behalf for permanent total disability under this contract, on August 9 of 1939, responded in writing to such demand, addressed to her attorneys, as follows:

"Gentlemen:

"Receipt is acknowledged of your letter of August 1 making formal demand for permanent total disability benefits under this insurance.

"In regard to the evidence submitted by you and your client, we observe that there were statements from three physicians. Two of the doctors did not certify to permanent total disability and the third one, in answer to the question regarding such disability, said he did not know, although he did indicate that the total disability might be permanent.

"At our expense we had this insured examined, and the report did not show this insured was permanently totally disabled. In other words, the evidence which you submitted and that which we gathered did not show that this claimant is entitled to benefits under the permanent total disability clause. Because you are making a demand for these benefits you must be of the opinion that this insured comes within the permanent total disability provision and you presumably have evidence substantiating this. If you have such evidence, we suggest that you submit it to us. It is a condition of the contract that we are not liable unless we are furnished with satisfactory evidence of permanent total disability as described in the policy. We shall be pleased to consider any evidence which you desire to submit.

"Yours very truly,
"/s/ R. J. Peyton,
"Claim Examiner."

It is likewise shown that this prompt request of appellant for additional evidence

of the total and permanent disability the appellee so claimed under the terms of the policy was never granted, and no such proof was ever furnished; wherefore, since the claim examiner's letter was nothing more in substance and effect than such a request for additional evidence, or proof, of a claim the deficiencies of which had been so specifically pointed out by them, there was in fact and law no denial of liability. Connecticut General Life Ins. Co. v. Williams, Tex.Civ.App., 87 S.W.2d 807; R.S. Article 4736; First Texas Prudential Ins. Co. v. Long, Tex.Com.App., 46 S.W. 2d 297.

Under these decisions and cited Article 4736, this demand of the appellee, through her attorneys, on August 1 of 1939, was, by the uncontroverted testimony, not made at a time when the appellee had the right to make it, since, as the court found, the only proofs of permanent and total disability the appellee sent appellant were those received by the letter in June of 1939; whereas, as recited supra, the company was only bound to pay the first one of the installments six months after the receipt of such a notice; so that this demand was made before the agreed-upon six months' period had expired, and at a time when the company was not obligated thereby to pay anything.

Neither, for the same reason, was the appellee entitled to recover the allowed 12 per cent penalties and the $175 attorney's fees, her demand for payment having thus been made before compliance with the express provisions of the policy. This was not a compliance with the terms of Article 4736, because the judgment had matured the installments improperly, and the attorney's fees, based upon it, must fall with it. American National Ins. Co. v. Park, Tex.Civ.App., 55 S.W.2d 1088; American National Ins. Co. v. Shelton, Tex.Civ.App., 83 S.W.2d 698; Metropolitan Life Ins. Co. v. Pribble, Tex.Civ.App., 82 S.W.2d 414; State Life Ins. Co. v. Parks, Tex.Civ.App., 89 S.W.2d 289.

This court is not prepared to hold the trial court to have been without jurisdiction of the cause at all, as appellant contends, being of opinion that, since the suit as declared upon by the appellee discloses a potential contractual liability of $2,000, it made the controversy a justiciable one at the hands of a county court at law, as to the small part of such potential liability here involved.

Since the errors pointed out require a new trial, the other matters discussed in the briefs become immaterial, hence will not be further disposed of.

Judgment reversed and cause remanded. Reversed and remanded.