# Staunton

## PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY v. F. C. NICHOLSON.

September 17, 1931.

Present, Prentis, C. J., and Campbell, Epes, Hudgins and Gregory, JJ.

The opinion states the case.

*C. R. McCoy* and *Roland E. Chase*, for the plaintiff in error.

*W. B. Phipps* and *L. N. Sowards*, for the defendant in error.

EPES, J., delivered the opinion of the court.

The Provident Life and Accident Insurance Company had issued to the Clinchfield Coal Corporation its group disability policy No. 1239 whereby it insured "the employees of Clinchfield Coal Corporation * * * who pay the required premium * * * against the effects resulting * * * from bodily injuries sustained by the insured solely through external, violent and accidental means."

The group policy by its terms contemplated the issuance of certificates to each employee covered by it evidencing the fact that he was insured thereunder; and such a certificate was issued to F. C. Nicholson.

On August 31, 1928, while Nicholson was an employee of Clinchfield Coal Corporation and the group policy and the certificate issued to him were in force, he was injured by falling slate while working in the mine of the corporation.

The insurance company paid to Nicholson $242.00 for total disability to April 30, 1929, and admitted its liability for total disability to May 18, 1929; but contended that its liability for total disability terminated as of that date.

In December, 1930, Nicholson brought his action by notice of motion for judgment in the Circuit Court of Dickenson county, seeking to recover from the insurance company the additional sum of $940.00 which he claimed to be due him from the insurance company by reason of total disability resulting from this accident.

The amended notice, in so far as is here material, reads as follows:

"You are hereby notified that * * * the undersigned insured will move * * * for judgment * * * against you in the sum of $940.00 together with interest from March 8, 1929, * * * which is * * * owing from you to the undersigned under and by virtue of a certain * * * contract of insurance in writing, made by you, with the said undersigned, on the......day of.............., 1929, which contract is your policy No.........., * * * ."

"The said policy in writing is hereinafter·set out in the words and figures following, to-wit:" (Here follows a copy of the certificate of insurance issued to Nicholson, which, so far as is here material, reads as follows.)

"This is to certify that F. C. Nicholson, age 35, occupation coal loader, the holder of this certificate is entitled to the benefits specified in accordance with the terms and provisions of Group Disability Policy No. 1239 issued to the employee of the Clinchfield Coal Corporation.

"Accident insurance * * * Weekly Accident Indemnity—Total disability seven ($7.00) dollars. Commencing on date of injury for the full time disabled, not exceeding 1,000 days for any one injury."

No further reference is made in the notice of motion for judgment to the group policy No. 1239 issued to the Clinch-

field Coal Corporation than is contained in the foregoing quotations therefrom.

At the trial it was agreed that $708.00 was the maximum amount which Nicholson was entitled to recover, if he was entitled to recover anything. The case was tried before a jury, which rendered a verdict in favor of Nicholson for $708.00, upon which the court entered judgment against the Provident Life and Accident Insurance Company. To this judgment a writ of error has been allowed to the insurance company.

The plaintiff introduced in evidence the individual certificate of insurance issued to him by the insurance company, but did not introduce in evidence the group policy No. 1239. When the defendant offered in evidence the group policy No. 1239, the court permitted it to be introduced over the objection of the plaintiff's attorney. The objection stated by counsel for the plaintiff was thus stated by him: "We object to the introduction of group policy No. 1239. * * * It is not part of the policy which is sued on, nor attached to nor written on the policy, which was delivered to the insured nor annexed thereto."

In its assignments of error numbers one, five and nine, it is complained that the court erred in not holding and in not instructing the jury that there could be no recovery in this case because the plaintiff has not pleaded the group policy No. 1239 as the basis of the recovery sought, but has pleaded and relied only upon the individual certificate of insurance issued to him by the insurance company.

■■ This position is not well taken. It is true that an action against the insurer under a group insurance policy must be brought upon the contract contained in the policy issued to the employer, and not merely upon the certificate issued to the employee. 7 A. L. R., note page 1035; *Gallagher* v. *Simmons Hdw. Co.*, 214 Mo. App. 111, 258 S. W. 16; *Hardie* v. *Metropolitan Life Ins. Co.* (Mo. App.), 7 S. W.,

(2d) 746. But the certificate sued upon by reference in effect incorporates therein the group policy No. 1239; and the effect of pleading the certificate was to plead the group policy.

The position taken by counsel for Nicholson that the group policy constituted no part of the contract of insurance between the insurance company and Nicholson was untenable. The correct pleading in such a case is to plead the group policy and the certificate issued to the plaintiff evidencing his individual coverage thereunder. The pleading in the instant case appears to have been dictated by a misconception on the part of counsel for plaintiff as to what constituted the contract of insurance between the parties; and is not to be commended. But though counsel for the plaintiff seems to have intended not to plead or rely upon the group policy, by fortuitous circumstance his object was defeated by the fact that the certificate pleaded referred to and in effect incorporated therein the terms and provisions of the group policy.

"No judgment or decree shall be arrested or reversed * * for any defect, imperfection, or omission in the pleading, which could not be regarded on demurrer; or for any other defect, imperfection, or omission in the record, or for any error committed on the trial where it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached." Section 6331, Code Va. 1919.

The second, third and seventh assignments of error raise in somewhat different forms the same question, which is that the court erred in not holding that the plaintiff had forfeited all his rights under the policy by failure to comply with the following terms and requirements of the group policy, to-wit:

"Part V. Notice of Injury or Sickness—Section (1). The insured shall give within twenty days notice to the company

of any accident or sickness for which a claim is to be made, full particulars thereof, and full name and address of the insured. If the insured is disabled by such injury or sickness for more than thirty days, the insured must furnish the company every thirty days if reasonably possible so to do, with a report in writing from the attending physician or surgeon, fully stating the nature and extent of disability.

"Filing Reports—Section (2). Affirmative proof of any claim must be furnished to the company on and in accordance with its forms in case of claim for disability within thirty days after the termination of the period for which the company is liable  *  *  * . Failure to furnish such proof within the time provided in this policy unless shown not to have been reasonably possible, shall forfeit the right of the insured to any indemnity."

The insurance company, on May 3, 1929, and prior dates, paid to Nicholson $242.00 in full settlement for total disability from August 31, 1928, to April 30, 1929. It thereby effectually waived any failure to comply with the foregoing provisions of the group policy prior to April 30, 1929.

Under date of May 31st, June 20th, July 20th and September 4, 1929, Nicholson filed with the insurance company, on forms furnished by it, statements of his claim for indemnity to those respective dates, in each case accompanied by his attending physician's report. These papers so filed constituted a substantial compliance with these provisions up to September 4, 1929.

Though monthly claims and reports had been filed with the company for May, June, July and August, the insurance company had paid nothing to Nicholson after the payment of May 3, 1929, which covered the period to April 30, 1929; and on October 16, 1929, its division claim manager wrote Mr. Sowards, the attorney for Nicholson, as follows:

"Dear Sir:

"In reviewing additional medical proof recently received in connection with disability of the above caption, it appears

total disability terminated on May 18th. This is also substantiated by the compensation award in which claimant was allowed partial disability from that date.

"To date we have made an adjustment covering $242.00, therefore, claimant would be entitled to an additional $17.00, representing total disability to May 17th, plus $91.00, covering six months partial disability, the limit of our liability under our contract, or a total of $108.00, the amount of draft enclosed.

"When draft is delivered, kindly have the enclosed release properly executed and returned."

The draft enclosed with this letter was returned by Nicholson or his attorney, with a letter refusing to accept the settlement mentioned in the above letter.

This conduct on the part of the insurance company was a waiver of any further compliance with said requirements by Nicholson.

"The refusal to recognize the evidence of any claim, or a general refusal to pay renders the delivery of notice and proofs a useless ceremony, and is treated as waiving a strict compliance with the condition as to the preliminary notice and proof, both in respect to form and time." Flanders on Fire Insurance, page 542.

"A distinct denial of liability, and refusal to pay, on the ground that there is no contract, or there is no liability, is a waiving of the condition requiring proof of loss. It is equivalent to a declaration that they will not pay, though the proof be furnished; and to require the presentation of proof, in such a case, when it can be of no importance to either party, and the conduct of the party in favor of whom the stipulation is made has rendered it particularly superfluous, is but an idle formality, the observance of which the law will not require." May on Insurance, section 469.

The fourth assignment of error is that the court erred in refusing to set aside the verdict of the jury on the following ground, to-wit:

"That the plaintiff and the defendant prior to this action had made a full and final settlement of all claims by reason of this accident and injury, and this defendant had paid to the plaintiff the sum agreed upon, and in consideration of this settlement this defendant paid the plaintiff the amount found due on the settlement, and the plaintiff executed in writing a receipt and release in full."

The basis for this contention is the matter printed on the face of and on the back of the check for $30.00, dated May 3, 1929, given Nicholson by the insurance company to cover its liability to April 30, 1929, and Nicholson's endorsement of this check. On the face of the check are printed the following words:

"Endorsement on back hereof by payee shall constitute a receipt and release in full settlement of any and all claims which payee has or may have under policy No. 1239 by reason of injuries occurring or beginning on or about the 31st day of August, 1928, and payee thereby releases and discharges the drawee from further liability for said claims or any loss."

On the back of the check appear the following words and Nicholson's signature as shown below:

RECEIPT AND ENDORSEMENT.

"Received of the Provident Life and Accident Insurance Company, of Chattanooga, Tennessee, the sum named on the face of this draft in full and final settlement of all claims heretofore made or which may hereafter be made against said company on account of the illness or accidental injury beginning or occurring about the date specified on the face of this draft.

"Sign Here   F. C. Nicholson,

"This draft will not be paid unless endorsed on this line by payee."

But it also appears that prior to the sending of this check of May 3, 1929, the insurance company had given to Nicholson eight checks in payment of installments acknowledged

to be due him on his claim for total disability resulting from this accident, each of which checks had the same matter printed on the face of and on the back of the check as was on the check of May 3rd; and Nicholson had endorsed each of these checks just as he endorsed the check of May 3rd. The insurance company in each case by continuing payments clearly showed that it waived its right, if any such it had, to rely upon such endorsement as a relinquishment of any further claim or demand upon it for disability resulting from this injury.

Further, by its letter of October 16, 1929, the insurance company clearly recognized that it had not, and did not, consider that it had made a final settlement with Nicholson.

In the light of these facts, the court did not err in refusing to hold that there had been a full and final settlement between Nicholson and the insurance company which barred any further recovery.

What is said in discussing the fourth assignment of error disposes of the question raised in the sixth assignment of error, which relates to the modification by the court of instruction No. 3 asked for by the defendant.

The eighth assignment of error is that the court erred in permitting the introduction in evidence of the letter of October 16, 1929, heretofore quoted, and the reply of Nicholson's counsel refusing to accept the check therewith enclosed. The point made is that the letter of October 16, 1929, was merely an offer of compromise. We think the point is not well made and that the court committed no error in admitting these two letters.

The tenth assignment of error is that the court erred in not setting aside the verdict of the jury as contrary to the evidence and without evidence to support it. There was sufficient evidence to support the verdict; and all matters which might require discussion under this assignment have been heretofore disposed of.

*Affirmed.*