## JOHNSON v. UNIVERSAL LIFE INS. CO.
### No. 4602.

Court of Appeal of Louisiana. Second Circuit.

Nov. 3, 1933.

Bryan E. Bush, of Shreveport, for appellant.

Irion & Switzer and Henry F. Turner, all of Shreveport, for appellee.

MILLS, Judge.

Defendant issued to plaintiff a life, health, and accident policy, providing: "Benefits will be paid * * * for each day that the insured is, by reason of injury, purely of an accidental nature, of which there must be external evidence, disabled from performing work of any nature, provided such confinement or disability is of not less than four consecutive days duration and that a certificate of a duly licensed and practicing physician is furnished as hereinafter provided."

The policy further reads: "The insured shall not be entitled to any benefit for sickness or accidents under this policy unless he or she shall first furnish the Company or its authorized agent a certificate by a regularly licensed practicing physician (satisfactory to the Company), showing the nature of the sickness or injury and the probable duration of the same, which must be compatible with the history of that class of complaints; and if the sickness or accidental disability of the insured shall continue for more than one week, a like certificate must likewise be furnished at the beginning of each week of sickness or accidental disability."

On June 28, 1932, plaintiff fell down stairs, spraining her ankle and injuring severely the bone of the leg between the ankle and knee. For this she is claiming, under the policy, sixteen weeks' insurance at $5 per week for the period from the date of the accident to October 10, 1932. Also double indemnity and $40 attorney's fees, under the provisions of Act No. 310 of 1910. That act provides that an insurance company delaying the payment of the claim for a longer period than thirty days from due notice and proof of disability, unless upon just and reasonable grounds, shall pay as a penalty double the amount due during the period of delay, and attorney's fees to be determined by the court.

Four certificates were furnished by plaintiff and paid by defendant, and, according to the admission in the answer, two more were offered and payment refused. The certificate requirement of the policy was therefore met by plaintiff, as she was not called upon to keep on offering certificates after two had been rejected, the law not requiring any one to do a vain thing.

The injuries set out above are abundantly proved; the only issue remaining being the extent and duration of the disability resulting from them.

Plaintiff testifies that she was confined to her bed for three or four weeks, and that after that time she got around on crutches, but was unable to do any work for four or five weeks. She states that since the accident she has done work around the house, but has not tried to do regular work. A neighbor says

that plaintiff was in bed for three or four days, and that after that period she limped around on a crutch as late as the first part of August. Her mother says that she was confined to her bed about three weeks, and then walked around on crutches. An employer testifies that she worked for her for one day about November 8th, following the injury, but that she complained of her leg all day, and that she was compelled to administer two aspirins to keep her going, and that plaintiff had to sit on a stool to work. The attending physician says that he last attended plaintiff at her home about July 27th; that after that date she came to his office on crutches for treatment for about two or three weeks; that a sprained ankle should mend in from three to six weeks, but that plaintiff's most serious injury was to the bone of the leg between the knee and ankle. Nowhere in the copies of his certificates filed in evidence or his testimony does he fix the probable duration of her disability. except to say that he did not expect a disability of sixteen weeks without a fracture. He testified that plaintiff, a large woman, had a knot on her leg as long as he saw her, and that she is the best judge of the pain and disability it caused her.

Defendant offers no medical testimony whatever, contenting itself with the testimony of its employees and occupants of offices in the building in which it maintains its headquarters, that plaintiff, on several occasions during the month of August, came to the office of the company, walking without a limp and without the aid of crutches. Some of these witnesses testify that on some occasions she used a crutch and on others she did not. A neighbor vaguely testifies that he saw her one day about July or August on crutches, but did not notice whether or not she used crutches or limped on other occasions. J. A. McCraine, the district manager of the company, says that on July 26th he found her at her home standing at an ironing board without the crutch, but that, when called into the front room, she reached back, got her crutch, and used it in walking; that he examined her ankle and knee and saw no swelling.

■ Perhaps defendant's best reliance, if it had been acted upon, is a note written by plaintiff on August 5th, which reads as follows: "Mr. Bennett, this is from Josephine Johnson, 1032 Christian St. an I want you to come down an talk with me please and to prove to you that I mean to do right you mark my card an pay me one claim an that will be all wright an send me some answer by this man."

This letter was written after the payment of the third week, and before the payment of the fourth and last week. McCraine, the district manager, nowhere testifies that this letter was acted upon or that the last payment made was in response to the offer contained in it. On the contrary, he testifies that the last payment was made because plaintiff's physician, on the original of his last certificate, said in answer to a question that the patient would be disabled about one week longer. This testimony is not objected to, and is not contradicted in rebuttal by the certifying doctor. An offer of settlement or compromise not acted upon has no effect except as an indication of the period of disability.

■ This simple case is made difficult because of the extremely vague and unsatisfactory testimony on both sides. We are convinced that plaintiff was disabled longer than the four weeks paid, but not as long as the sixteen weeks claimed. Considering the state of the testimony, we think judgment can be rendered upon the statement of plaintiff that she was disabled four or five weeks after leaving her bed, to which she says she was confined for three or four weeks. We think this statement is fairly borne out by the other evidence in the case.

The lower court found for plaintiff for $150, with legal interest from judicial demand, and $40 attorney's fees. Defendant appeals from this judgment.

■ Considering the note of plaintiff and the certificate of her physician that she should be recovered in one week, we think that defendant had reasonable grounds to contest this claim, and that hence no penalty or attorney's fees can be allowed under the act.

For the reasons above assigned, the judgment appealed from is amended by reducing the amount allowed to $20, with 5 per cent. per annum interest from date of judicial demand.; defendant to pay the costs of the trial court and plaintiff the cost of appeal.