GLENN D. WATTS *v.* EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES

(CC 660)

Submitted October 20, 1942. Decided December 8, 1942.

*R. D. Heironimus,* for plaintiff.
*Tusca Morris* and *Robert C. Morris,* for defendant.

FOX, PRESIDENT:

On June 1, 1929, the Consolidation Coal Company, then a Maryland corporation, obtained from the Equitable Life

Assurance Society of the United States a group life insurance policy, insuring the lives of its employees, and a certificate was issued by the insurer and delivered to George L. Watts, then an employee of the coal company, which, in effect, advised him that the coal company had contracted to insure his life in the sum of two thousand dollars, and the plaintiff, referred to in said certificate as "Glen B. Watts", was named beneficiary therein. The certificate reads as follows:

> "The Equitable Life Assurance Company of the United States hereby certifies that the Consolidation Coal Company, Inc., New York (hereinafter called the employer) has contracted to insure the life of George L. Watts (hereinafter called the employee) for the sum of two thousand dollars with the Equitable Life Assurance society of the United States, by a policy of group insurance. Subject to the terms and conditions of the policy the insurance is to be payable to the beneficiary upon receipt of due proof of death of the employee occurring while insured thereunder. Beneficiary Glen B. Watts. * * *."

On the back of the certificate certain provisions were made with respect to the termination and conversion under the provisions of the policy under which the certificate was issued, and it is further provided that "This individual certificate is furnished in accordance with the terms of the Equitable group insurance policy, which, together with the employer's application therefor, constitutes the entire contract between the parties." George L. Watts died on or about the 11th day of September, 1939, and on May 26, 1940, an action of assumpsit was instituted by Glenn D. Watts, beneficiary named in the certificate aforesaid, and process therein made returnable to May Rules, 1940. On February 14, 1942, by leave of court, plaintiff filed an amended declaration, and the action proceeded thereon. The body of the amended declaration is in the words and figures following:

> "Glenn D. Watts, he being the same person named beneficiary in the hereinafter referred

> to policy of insurance as Glenn B. Watts, Plaintiff, complains of The Equitable Life Assurance Society of the United States, a corporation, defendant, who has been summoned to answer this: For that the defendant by virtue of the policy of insurance, a copy of which is herewith filed, owes two thousand ($2,000.00) dollars to the plaintiff, because of the death of George Lee Watts, whose life was insured by said policy, and who died on or about the 11th day of September, in the year nineteen hundred thirty-nine at Fairmont, West Virginia."

There was filed with this declaration a photostatic copy of the certificate mentioned above, No. 3028-10677, as the "policy of insurance" referred to in the declaration. The group policy issued by the defendant, and to which the certificate aforesaid refers, was not filed.

The defendant demurred to the amended declaration. The substance of the demurrer was that the certificate referred to in the declaration did not constitute a contract upon which the plaintiff could recover; and that if the plaintiff elected to employ the statutory form of declaration, he could only proceed by filing with the declaration a copy of the group policy referred to in the certificate; that under the terms of the certificate itself, the group insurance policy issued by the defendant, together with the employer's application therefor, constituted the entire contract of insurance between the parties. At the same time, the defendant filed its specification of defense, in which it sets up certain provisions of the group insurance policy and amendments thereto, which it contended barred any recovery by the plaintiff in his action, and the plaintiff then interposed his demurrer thereto. There was also filed what is termed a statutory issue plea and a general issue plea.

The court overruled defendant's demurrer to the amended declaration, and also the demurrer of the plaintiff to the specification of defense; so that the status of the action in the circuit court is this: Plaintiff's declaration and the specification of defense thereto are upheld, the result of which is that the defendant has the same

right to make defense to the action, on the grounds growing out of the provisions of group insurance policy, to the same extent that he would have had such right had the group insurance policy, or a copy thereof, been filed as a part of the plaintiff's declaration.

However, neither party to the action was satisfied with this situation, the defendant contending that, by reason of the failure to file with the amended declaration the group policy, or a copy thereof, its demurrer thereto should have been sustained; while the plaintiff, being satisfied with the action of the court in overruling the demurrer to his declaration, contends that the court's action in overruling his demurrer to the specification of defense was inconsistent with its action in overruling the demurrer to the declaration, and was erroneous. Therefore, the circuit court, on the joint application of the parties, certified its action to this Court.

It is obvious that a decision on one question will determine this case. That question is whether the demurrer to the plaintiff's amended declaration should have been sustained by reason of the failure to file therewith the group insurance policy, or a copy thereof.

Code, 56-4-17, provides the form of declaration which may be used in actions for recovery on a policy of insurance. The form is a simple one, but it contemplates that the insurance policy, or a copy thereof, upon which recovery is sought, shall be filed therewith. The question here presented is whether the certificate, which the plaintiff filed with his declaration, may be treated as the policy of insurance on which he may seek a recovery. A policy of insurance is, ordinarily, the contract between the parties, and it cannot be disputed that if recovery is sought thereon, it must, in some way, come into the case. Under the statutory practice in relation to actions on insurance policies the policy which ordinarily evidences the contract between the parties may be introduced by filing the same, or a copy thereof, with the declaration, and, if a plaintiff elects to use the statutory form of declaration, we do not think he can proceed with his action until the policy upon which he relies for recovery, or a

copy thereof, is so filed. When so filed, the policy becomes a part of the declaration. *Staats* v. *Insurance Co.,* 57 W. Va. 571, 50 S. E. 815, 4 Ann. Cas. 541; *Hubbard* v. *Assurance Society,* 81 W. Va. 663, 95 S. E., 811, 4 A. L. R. 886; *Bowling* v. *Insurance Co.,* 86 W. Va. 164, 103 S. E. 285, 17 A. L. R. 376.

We think it clear that the group insurance policy, sometimes referred to as the master policy, is, ordinarily, and in this case certainly, the real contract of insurance upon which plaintiff must rely for recovery. In Crawford and Harlan on Group Insurance, section 15, page 31, it is stated:

"* * * the master policy issued and delivered to the employer is the real contract of insurance under the group plan, or, as it is frequently said, the primary contract. This is true because it is the basis of the certificate issued to the employee. It is the foundation of the insurance provided for the employee's benefit. It contains the terms and conditions of the insurance agreement, and in practically every instance the certificate by its own provisions states that it is issued in accord with the terms and conditions of the group policy to which it refers.

The certificate is not a contract between the employer and the employee. It contains no promise on the part of the employer to indemnify anyone against loss. It is merely a statement, where issued by the employer, that he has taken out a group policy of insurance upon the lives of his employees, and that under and subject to the terms and conditions of the policy, the named employee is insured as therein outlined. This same construction prevails where the certificate is issued by the insurer to the employee. Nor, as a general rule, does the certificate constitute a contract between the insurance company and the employee, although there is some authority to the effect that the certificate embodies a separate and additional contract with the insurer. But usually the certificate is regarded only as evidence of the group contract and of the insured's coverage thereunder. In other words, it is issued to the employee intended to be covered by

the group policy and evidences his right to participate in the insurance provided for by the group contract."

This theory is supported by the following cases: *Boseman* v. *Connecticut General Life Ins. Co.*, 301 U. S. 196, 57 S. Ct. 686, 81 L. Ed. 1036, 110 A. L. R. 736; *All States Life Ins. Co.* v. *Tillman*, 226 Ala. 245, 146 So. 393; *Thull* v. *Equitable Life Assurance Society*, 40 Ohio 486, 178 N. E. 850; *Equitable Life Assurance Society* v. *Austin*, 255 Ky. 23, 72 S. W. 2d 716; *McBridge* v. *Connecticut General Life Ins. Co.*, 14 Fed. Supp. 240; *Seavers* v. *Metropolitan Life Ins. Co.*, 132 Misc. 719, 230 N. Y. S. 366; *Hardie* v. *Metropolitan Life Ins. Co.* (Mo. App.), 7 S. W. 2d 746; *Provident Life & Accident Ins. Co.* v. *Nicholson*, 157 Va. 345, 160 S. E. 5.

Holding, as we do, that, in this case, the group policy is the insurance contract upon which plaintiff's right to recover depends, it follows that such policy, or a copy thereof, should have been filed with plaintiff's declaration. Our statute, Code, 56-4-17, plainly contemplates that the policy upon which recovery is sought, or a copy thereof, must be filed with the declaration. Other sections of the statute providing for the filing of specification of defense, arising out of the terms and conditions of the policy, provide further argument for this position, for, without the policy being filed with the declaration, there would be nothing in the pleadings to which this specification of defense could relate. Crawford and Harlan on Group Insurance, sections 50 and 51, contain a rather full discussion of this question:

"While the general principles relating to pleadings are applicable to actions based upon the group insurance contract, the existence of two instruments—the master policy and the individual certificate—has created some doubt as to which the cause of action should be based upon. Here, as in many other phases of group insurance, the nature of the contract is important. Construing it as a contract between the insurer and the employer for the benefit of the employee,

and regarding the master policy as the contract and the certificate as evidence of the employee's coverage thereunder, the cause of action, as a general rule, should be based upon the master policy. It is the contract, undoubtedly, for this purpose, with few exceptions. This seems to be the view in most of the reported cases, as an investigation will reveal that the suits were based upon the master policy rather than the certificate. It is not, however, error to mention the issuance of the certificate in the petition or complaint. In fact, it would seem to be desirable to mention its issuance. * * *.

"Some decisions apparently recognize that the action may be based upon the certificate rather than the master policy, especially where the certificate contains a promise to pay. The only justification for this view is that the certificate in and of itself possesses contractual efficacy sufficient to support an action, or perhaps, as stated in *Provident Life & Accident Insurance Company* v. *Nicholson,* where a judgment based upon a petition founded on the certificate was upheld on the ground that the certificate by reference incorporated the group policy, that the effect of pleading the certificate was to plead the group policy. * * *.

"Undoubtedly, in the absence of a waiver, or a conflict in the terms, or under the circumstances found in *Provident Life & Accident Insurance Company* v. *Nicholson,* the petition of the employee or his beneficiary, seeking to recover under a group contract, should be based directly upon the master policy and not on the certificate, although good pleading would seem to require that mention be made of the issuance and delivery of the certificate to the employee."

In the case of *Provident Life & Accident Insurance Company* v. *Nicholson, supra,* it is held that:

"The position taken by counsel for Nicholson that the group policy constituted no part of the contract of insurance between the insurance company and Nicholson was untenable. The correct pleading in such a case is to plead the group pol-

icy and the certificate issued to the plaintiff evidencing his individual coverage thereunder."

The allowance of recovery in the case of *Provident Life & Accident Insurance Co.* v. *Nicholson, supra,* may be explained by the fact that the action was by way of notice of motion, there was no demurrer thereto, and the case was decided under the statutes of jeofails; but, as stated above, that case distinctly held that both the group policy and the certificate issued thereunder should have been pleaded. Many cases from other jurisdictions sustain this view. *Equitable Life Assurance Society* v. *Garrett,* 26 Ala. App. 395, 160 So. 777; *Gallagher* v. *Simmons Hardware Co.,* 214 Mo. 111, 258 S. W. 16, 17; *Austin* v. *Metropolitan Life Ins. Co.* (La), 142 So. 337, 338; *Thull* v. *Equitable Life Assurance Society, supra; Davis* v. *Metropolitan Life Ins. Co.,* 161 Tenn. 655, 32 S. W. 2d 1035; *Wann* v. *Metropolitan Life Ins. Co.* (Tex.), 41 S. W. 2d 50, 52; *Metropolitan Life Ins. Co.* v. *Harrod,* 46 Ga. 127. 166 S. E. 870.

In the certificate filed with plaintiff's declaration, the group policy is referred to under two heads, first, it is stated that the coal company had contracted to insure George L. Watts in the sum of $2,000.00 with the Equitable Life Assurance Society by a policy of group insurance; and second, is the provision that such group policy, together with the employer's application therefor, constituted the entire contract between the parties. But the incorporation of papers into pleadings by reference has never been practiced in this state. See *Koen* v. *Fairmont Brewing Co.,* 69 W. Va. 94, 70 S. E. 1098; *Closterman* v. *Lubin,* 113 W. Va. 353, 167 S. E. 871.

We are of the opinion that the demurrer to plaintiff's declaration should have been sustained for the reason that, by reason of the failure to file the group policy with the amended declaration, no contract was declared upon. The certificate filed with the declaration possesses none of the elements of a contract, and, therefor, does not come within the rule that an action may be based on a certificate which contains the necessary elements of

a contract, such as a promise to pay. The insurance provided for, as evidenced by the certificate filed with the declaration, was issued upon terms and conditions not set out in the certificate, but such as were contained in the group insurance or master policy. It will not do to say that, presumably, the defendant had in its possession a copy of the group policy. It was entitled to have that policy made a matter of record in the case and to become a part of the pleadings, to the end that there be a final determination in one action of its liability or non-liability under both the group policy and the certificate issued thereunder. The statute here considered was enacted in 1877, at a time when group insurance may not have existed, and certainly had not reached the important status it occupies today. Circumstances might arise wherein it would be difficult for the plaintiff to obtain a copy of the master policy, but even in such case, relief could be afforded through an equity proceeding of a bill for discovery. Concededly, such a situation would be unfair to a plaintiff claiming to be entitled to recover under a group insurance policy, but we cannot overlook well settled principles relating to contracts and pleadings in order to escape temporary inconvenience, especially where the the matter is of such nature as could be easily remedied by legislative action, or possibly by administrative action on the part of the insurance commissioner. Such a situation does not arise in this case, it being stated in argument that a copy of the group policy would be furnished to the plaintiff on request. The plaintiff apparently does not want the group policy to come into the case, because his demurrer to the specification of defense constitutes an attempt to keep the provisions thereof out of the case. Holding, as we do, that the right of the plaintiff to recover depends upon the provisions of the group policy, we are of the opinion that the group policy, or a copy thereof, should have been filed with plaintiff's declaration, and not being so filed the demurrer to the declaration should have been sustained for that reason.

This holding makes it unnecessary to pass upon the certified question as to the action of the circuit court in

218

overruling plaintiff's demurrer to the defendant's specification of defense. When we hold that the master policy, or a copy thereof, must be filed with the plaintiff's amended declaration, and this may be done by amendment, the specification of defense heretofore filed, if presented in the same form, would be tendered under a different aspect, namely, a plea to a declaration, different from that before the court when the specification of defense in question was filed. We, therefore, deem it unnecessary to pass upon the propriety of the circuit court's action in respect of its ruling on the defendant's plea and its specification of defense.

The order of the Circuit Court of Marion County in overruling defendant's demurrer to plaintiff's declaration is reversed, and the action will be remanded to said court with leave to the plaintiff to further amend his declaration, if he be advised so to do.

*Reversed and remanded.*