## EARL SANDERS v. AETNA LIFE INSURANCE COMPANY.

No. A-1284. Decided October 22, 1947.
(205 S. W., 2d Series, 43.)

*Otis Scruggs, Jr.,* of Houston, for petitioner.

*Fouts, Amerman & Moore* and *Joseph W. Moore,* all of Houston, for respondent.

MR. JUSTICE HICKMAN delivered the opinion of the Court.

This suit was brought by petitioner, Earl Sanders, against the resepondent, Aetna Life Insurance Company, for the recovery of disability benefits under a certificate of insurance issued to him as an employee of Humble Oil & Refining Company under the terms of a group insurance policy issued by Aetna covering certain employees of that company. Under the certificate Sanders' life was insured for $2,000.00 and he was entitled to receive $10.00 per month for each $1,000.00 of insurance in force on his life in the event he suffered permanent and total disability, the payments to commence six months after receipt by the insurance company of proof of such disability and, "unless terminated sooner, as hereinafter provided, to terminate when fifty monthly income payments shall have been made." With reference to the contingency which would result in a termination of the monthly payments, the certificate provided:

"If the employee ceases to be so disabled, monthly income payments will terminate, except that irrespective of the con-

tinuance of disability the monthly income payments will automatically terminate at the end of any year during which the employee fails to furnish proof of the continuance of disability as hereinabove required or upon refusal of the employee to be examined as hereinabove provided."

Sanders sustained an injury on October 3, 1943, while an employee of Humble Oil & Refining Company and while covered by the group policy and certificate. He submitted proof of total and permanent disability to respondent on or about April 11, 1945. Thereafter, on July 24, 1945, respondent definitely rejected the claim in a letter to Sanders' lawyer, reading in part as follows:

"Following thorough investigation which included medical examination of Mr. Sanders, it has been conclusively established that your client is not totally and permanently disabled within the language of group policy 9676. Under the circumstances our Company respectfully denies his claim."

No further proofs were submitted by Sanders under the terms of the certificate, but he did make repeated demands for payment in a lump sum, his position being that he was entitled to the payment of $1,000.00, which is $20.00 per month for fifty months. Payments having been refused, this suit was instituted for the recovery of that amount with interest, penalty, and attorney's fees. Respondent denied that Sanders was totally and permanently disabled within the terms of the policy and pleaded further that, if he were so disabled, his recovery was limited by his failure to furnish proofs of continued total and permanent disability as required by the policy. The jury found that Sanders was totally and permanently disabled as a result of the injury above mentioned. Upon that finding the trial court rendered judgment in his favor for $140.00, (that being the total of seven monthly payments of $20.00 each) plus penalty, interest, and attorney's fees. Further recovery was denied him on the ground of his failure to furnish the company with proof of the continuance of his total and permanent disability after the first year. The trial court concluded that, because of his failure to furnish such proof, the policy terminated by its own terms thirty-one days after the lapse of one year from the furnishing of the proof of disability. Since payments did not commence until six months after receipt of that proof, the trial court limited the recovery to seven monthly payments. The Court of Civil Appeals affirmed the case. 201 S. W. (2d) 234.

The basic question for decision is whether or not the denial of liability by the insurance company under the policy, as evidenced by its letter from which we quoted above, operates as a waiver of the provision of the policy requiring proofs of continued total and permanent disability to be submitted each twelve months. The provision with respect to the termination of the monthly disability payments, copied above, is to the effect that such payments are automatically terminated at the end of any year during which the employee fails to furnish proof of the continuance of such disability "as hereinabove required." The requirement referred to has to do with the extension of the life insurance policy and provides, in substance, that such insurance will be extended without payment of premiums during the continuance of permanent total disability for a period of one year from the receipt of such proof and for successive further periods of one year during the continuance of disability, provided proof of its continuance is submitted in writing within "the three months preceding each such year."

■ It is familiar law that provisions of an insurance policy regarding notice and proof of loss are for the benefit of the insurance company and may be waived by it, and that a denial by it of liability under the policy is a waiver of proof of loss enabling the insured to maintain a suit on the policy without furnishing such proof. Sun Mutual Ins. Co. v. Mattingly, 77 Texas 162, 13 S. W. 1016; Federal Surety Co. v. Smith (Com. App.) 41 S. W. (2d) 210.

The insurance company recognizes this rule of law but it takes the position that its denial of liability referred only to the first year, that no other period of time was in the contemplation of the parties when the denial was made, and that it did not intend to lead and did not lead Sanders to believe that it intended by such denial to waive further proofs of loss. We cannot adopt this view.

The denial that Sanders suffered total and permanent disability has never been withdrawn. Nothing occurred after the proof of loss was furnished which would indicate to Sanders that the submission of further proofs of loss would be more than an idle formality. The insurance company, after careful investigation, denied that Sanders had suffered total and permanent disability and, with that denial outstanding, is in no position to defend on the ground that it should have been furnished proof of "continued total and permanent disability." Federal Surety Co. v. Smith (Com. App.) 41 S. W. (2d) 210;

Commercial Casualty Ins. Co. v. Mathews, 80 Geo. 640, 6 S. E. (2d) 172; Johnson v. Universal Life Ins. Co. (La.) 150 So. 438; Washington Nat. Ins. Co. v. Dukes, 181 Ga. 832, 185 S. E. 599; Shaw v. Republic Life Ins. Co. 69 N. Y. 286; Rosenbaum v. National Acc. Soc. 170 N. Y. S. 27; Provident Life & Accident Ins. Co. v. Nicholson, 157 Va. 345, 160 S. E. 5.

In the case of Federal Surety Company v. Smith, supra, the contention was made that plaintiff's failure to furnish proofs of continued disability as required by the policy was a breach of a condition precedent to his recovery of payments claimed to have accrued after he ceased to furnish such proofs. There was not in that case, as there is in this case, a definite and specific denial of liability by the insurance company, but it was held that a fact issue with reference to waiver was raised by the evidence. Since that issue was not submitted to the jury, the case was remanded to the trial court. The effect of that holding is that, so long as an insurance company absolutely denies liability under the terms of a policy, it waives further proofs of disability. That decision is in harmony with the other cases cited above and is decisive here.

In our opinion, the trial court erred in holding that due to the failure of Sanders to furnish proofs of continued disability recovery on the policy was limited to the first year of disability, and the Court of Civil Appeals erred in approving that holding and the judgment rendered thereon. For that error the case will be reversed.

■ The contention of Sanders that he should be awarded a lump sum recovery by this Court for the full fifty months of disability on the ground of anticipatory breach cannot be sustained. The insurance company has not repudiated the policy, but it stands on it and denies that the facts entitle Sanders to recover thereon. In that situation Sanders is not entitled to a judgment for unmatured installments. New York Life Ins. Co. v. English, 96 Texas 268, 72 S. W. 58; Universal Life & Acc. Ins. Co. v. Sanders, 129 Texas 344, 102 S. W. (2d) 405.

■ For another reason Sanders is not entitled to that relief. The language of the policy with respect to the cessation of permanent disability during the fifty months period makes it certain that the word "permanent" is used therein in a relative sense. Notwithstanding the finding of total and permanent disability in this case, the insurance company would have had the right, upon request, to have a saving clause inserted in the judgment to prevent such finding from binding it in future

litigation on installments not then matured, had the trial court held against its contention on the issue of waiver of proof of continuing disability. Great Southern Life Ins. Co. v. Johnson (Com. App.) 25 S. W. (2d) 1093; Metropolitan Life Ins. Co. v. Pribble, 130 S. W. (2d) 332 (error refused). A judgment for unmatured payments would destroy that right.

■ Under the findings the trial court was authorized to render judgment in favor of Sanders for $220.00 (that being the total of all payments due at the date of the filing of his last pleading upon which he went to trial), together with interest, penalty, and attorney's fees. But we have concluded that we should not render judgment for that amount, but should remand the cause generally. One reason for remanding is that, for some unexplained reason, the group policy, which apparently was introduced in evidence, is not copied in the record and is not brought up as an exhibit. That policy is the basis of respondent's liability. Wann v. Metropolitan Life Ins. Co. (Com. App.) 41 S. W. (2d) 50. Because of its absence, and in order to avoid any question of res judicata as against either party in future litigation, the order of this Court is that the judgments below be reversed and the cause remanded to the trial court.

Opinion delivered October 22, 1947.

No motion for rehearing filed.