**CONTINENTAL AMERICAN LIFE INSURANCE COMPANY, Petitioner,**

v.

**Jessie McCAIN, Respondent.**

**No. B–226.**

Supreme Court of Texas.

June 28, 1967.

Rehearing Denied July 26, 1967.

The judgment was for a principal sum of $2,400, representing twenty-four monthly payments of $100 each, plus the statutory penalty on that sum and $800 attorney's fees, for a total of $3,488 and with 6 per cent interest on that sum until the judgment was paid.

The injury which caused disability occurred on February 24, 1965, trial of the case was concluded on March 8, 1966, and judgment was entered on March 31, 1966. It is thus obvious that all of the monthly installments had not accrued when the judgment was entered. Continental protested inclusion in the judgment of the unaccrued installments, and asserted error in the court of civil appeals and this court because of the inclusion. The court of civil appeals upheld the action of the trial court in including the unaccrued installments in the judgment on the ground that there had been an anticipatory breach of the contract by Continental. See 412 S.W.2d 666, 672.

The holding of the court of civil appeals on the issue stated is in conflict with this court's decision in Sanders v. Aetna Life Ins. Co., 146 Tex. 169, 205 S.W. 2d 43, 173 A.L.R. 968 (1947). Cf. Universal Life & Accident Ins. Co. v. Sanders, 129 Tex. 344, 102 S.W.2d 405 (1937), and Continental Casualty Co. v. Boerger, 389 S.W. 2d 566 (Tex.Civ.App.—Waco 1965, writ dism'd).

No other error appears in the record which requires that the judgments of the courts below be reversed and judgment be here rendered that plaintiff take nothing or that the cause be remanded for a new trial. Accordingly, because of the conflict pointed out, we exercise our authority under Rule 483, Texas Rules of Civil Procedure, and reverse the judgments of the courts below without granting writ of error, and we remand the cause to the trial court with directions to render judgment now as though no anticipatory breach of the contract had occurred.

---

Fulbright, Crooker, Freeman, Bates & Jaworski, William H. Payne, Houston, for petitioner.

Barber, Seale & Stover, John H. Seale, Jasper, for respondent.

## PER CURIAM.

Respondent McCain recovered a judgment against petitioner Continental American Life Insurance Company for disability benefits under a group life insurance policy.