The TRAVELERS INSURANCE COM-
PANY, Appellant,

v.

R. R. SOLOMON, Appellee.

No. 6072.

Court of Civil Appeals of Texas,
El Paso.

March 18, 1970.

Rehearing Denied May 27, 1970.

Turpin, Smith, Dyer, Hardie & Harman,
Midland, Lawrence L. Fuller, Odessa, Max
N. Osborn, Midland, of counsel, for appel-
lant.

Burnett & Childs, Bob Hoblit, Richard
J. Clarkson, Jerry P. Childs, Odessa, for
appellee.

## OPINION

FRASER, Chief Justice.

Mr. R. R. Solomon received a jury ver-
dict in his favor against Travelers Insur-
ance Company for anticipatory breach of
an insurance contract. The contract was
an accidental disability policy issued by
appellant to appellee. Under the policy ap-
pellant agreed to pay the sum of $200.00
per month during the period of any total
disability sustained by appellee which com-
menced within 30 days after he received
accidental injuries. The policy defines
"total disability" as meaning an inability
of the insured to perform any and every
duty pertaining to his occupation during
the first 24 months of any period of dis-
ability; thereafter, the term is defined to
mean complete inability of the insured to

engage in any and every occupation or employment for wage or profit.

The appellee sustained accidental injuries on November 4, 1963 and was paid the full policy benefits for a period of 24 months after, because he was unable to perform every duty pertaining to his occupation during that period of time. The appellant, at the expiration of the two-year period, took the position that appellee was not unable to engage in any occupation or employment, and therefore paid no further benefits after the said two-year period.

The case was tried to a jury, and the jury found that the appellant denied further liability without just excuse; that the appellee was totally and permanently disabled; and that he was entitled to recover the sum awarded to him. The appellant takes the position that the trial court erroneously submitted to the jury for its consideration the anticipatory breach of the contract, improperly submitted the issue of total disability to the jury, and improperly submitted the issue as to the amount the appellee was entitled to recover.

The appellant submits that the court committed error as illustrated by its first four points wherein the court allegedly erred in permitting recovery for unmatured benefits when there was no anticipatory breach of the policy of the appellant; because there is no evidence to support the jury's answer to Special Issue No. 1 which inquired whether the appellant denied liability to the appellee without just excuse; because there is insufficient evidence to support the jury's answer to Special Issue No. 1; and lastly because the trial court erred in permitting recovery for unmatured benefits for an anticipatory breach of the contract because the answer to Special Issue No. 1 is so contrary to the great weight of the evidence as to be clearly wrong. We believe these points must be sustained for the following reasons.

The accidental disability policy issued by appellant to appellee for a premium of $4.00 per month provides payments of $200.00 per month for periods of total disability resulting from accidental bodily injuries. The policy further provides: "'Total disability' as used herein means complete inability of the Insured to engage in any and every occupation or employment for wage or profit, but during the first 24 months of any period of disability the Insured shall be deemed totally disabled while he is unable to perform any and every duty pertaining to his occupation and is not engaged in any occupation or employment for wage or profit." The policy of insurance describes the insured as a "Driver Truck & Bulldozer". The insured sustained injuries on November 4, 1963, injuring his arm and shoulder. The company paid him $200.00 a month for two years. After November 7, 1965, the company made no further payments, basing its position on the result of medical reports furnished to appellant by doctors treating the appellee. The appellant took the position that in as much as the doctor said appellee might be able to do some light type of work, it was no longer obligated on the ground that it had not been established that appellee could not engage in any type of work whatever. Prior to the trial, neither the appellee nor his attorney furnished appellant any medical reports or other evidence to indicate that Mr. Solomon qualified for benefits beyond those already paid to him. Appellant takes the position that the policy was never cancelled, but payments were merely stopped under the company's interpretation of the policy definition of "total disability". With this position we must agree. A somewhat similar case was before the courts in the case of Universal Life & Accident Ins. Co. v. Sanders, 129 Tex. 344, 102 S.W.2d 405 (1937). In that case the Commission of Appeals (opinion adopted) speaking through Commissioner Hickman said:

"It is not to be understood that we are extending the doctrine of anticipa-

tory breach so as to make it applicable to cases where the insurer merely denies liability or claims defenses under the terms of the policy. The Pollack opinions limit its application to cases in which the obligor absolutely repudiates the obligation without just excuse. As stated in Mobley v. New York Life Insurance Co., 295 U.S. 632, 55 S.Ct. 876, 878, 79 L.Ed. 1621, 99 A.L.R. 1166: 'Mere refusal, upon mistake or misunderstanding as to matters of fact or upon an erroneous construction of the disability clause, to pay a monthly benefit when due is sufficient to constitute a breach of that provision, but it does not amount to a renunciation or repudiation of the policy. Daley v. People's Bldg. & Sav. Ass'n, 178 Mass. 13, 18, 59 N.E. 452.' "

Ten years later, Justice Hickman, in Sanders v. Aetna Life Ins. Co., 146 Tex. 169, 205 S.W.2d 43 (1947), again wrote on this question, this time for the Supreme Court. In that case suit was filed to recover benefits under a group benefit policy. After proof of total and permanent disability was submitted to the insurance company, the insurer wrote to the claimant's lawyer denying the claim on the ground that the claimant, Mr. Sanders, was not conclusively and permanently disabled. In passing upon the anticipatory breach, Justice Hickman referred to the earlier opinion which he had written and stated as follows:

"The contention of Sanders that he should be awarded a lump sum recovery by this Court for the full fifty months of disability on the ground of anticipatory breach cannot be sustained. The insurance company has not repudiated the policy, but it stands on it and denies that the facts entitle Sanders to recover thereon. In that situation Sanders is not entitled to a judgment for unmatured installments. New York Life Ins. Co. v. English, 96 Tex. 268, 72 S.W. 58; Universal Life & Accident Ins. Co. v. Sanders, 129 Tex. 344, 102 S.W.2d 405."

In Continental American Life Insurance Co. v. McCain, 412 S.W.2d 666 (Tex.Civ. App., 1967), the court of civil appeals held that the insurance company was liable for future installments because of an anticipatory breach. The court there stated:

"* * * This is not a case in which defendant contended that under the facts plaintiff was not entitled to recovery, and this is not a case in which defendant denied liability or claimed defenses under the policy and this is not a case in which defendant refused payment under a mistake or misunderstanding as to matters of fact or upon an erroneous construction of the policy."

In a per curiam opinion, the Texas Supreme Court very summarily, under Rule 483, reversed the decision of the court of civil appeals, and said:

"The holding of the court of civil appeals in the issue stated is in conflict with this court's decision in Sanders v. Aetna Life Ins. Co., 146 Tex. 169, 205 S.W.2d 43, 173 A.L.R. 968 (1947). Cf. Universal Life & Accident Ins. Co. v. Sanders, 129 Tex. 344, 102 S.W.2d 405 (1937), and Continental Casualty Co. v. Boerger, 389 S.W.2d 566 (Tex.Civ.App.- Waco 1965, writ dism'd.)" Continental American Life Insurance Company v. McCain, 416 S.W.2d 796, 797 (Tex.S.Ct., 1967).

■ In the case before us there was never any cancellation of the contract which would constitute a repudiation of its provisions. Payments were not refused because the policy was not still in force and effect, but the insurer ceased making the payments under its construction of the disability clause, concluding that no further payments were due. Appellant denied, under the facts before it, including medical reports from the treating doctor, that appellee was entitled to further and additional payments. We consider this a situation amenable to legal dispute, but not one that shows a determination that there

was no contract in force and effect. In other words, the appellant had the right to refuse payment when it concluded that payment was not due, just as it had a right to make payments when it concluded that payments were due; but, in either event, such a determination would not constitute an anticipatory breach. In our opinion, there is no evidence to support the jury's answer to Special Issue No. 1, and certainly there is insufficient evidence to support the jury's answer to Special Issue No. 1, and the answer to that issue was against the great weight of the evidence, which established without contradiction that appellant's failure to make further payments after the 24-month period was based upon the only medical reports furnished to the appellant by the treating doctor. For these reasons, appellant's first four points are sustained.

Points 9 and 10 complain about the court's charge, and are as follows:

### "POINT NINE

"THE TRIAL COURT ERRED IN GIVING A CONTRADICTORY DEFINITION OF TOTAL DISABILITY AND IN INSTRUCTING THE JURY THAT DISABILITY WAS TOTAL IF IT PREVENTED THE INDIVIDUAL FROM SUBSTANTIALLY PERFORMING EVERY ESSENTIAL OPERATION NECESSARY TO THE PERFORMANCE OF HIS OCCUPATION, WHEN THE POLICY REQUIRED THAT AFTER TWENTY-FOUR MONTHS HE WOULD BE TOTALLY DISABLED ONLY WHEN HE WAS UNABLE TO ENGAGE IN ANY AND EVERY OCCUPATION OR EMPLOYMENT FOR WAGE OR PROFIT AND SUCH WAS NOT LIMITED JUST TO HIS OCCUPATION.

### "POINT TEN

"THE TRIAL COURT ERRED IN FAILING TO GIVE APPELLANT'S REQUESTED DEFINITION OF TOTAL DISABILITY WHICH WAS IN ACCORDANCE WITH THE LANGUAGE OF THE POLICY ISSUED BY APPELLANT AND WHICH PROPERLY DEFINED THE CONTRACTUAL RIGHTS OF THE PARTIES TO THE CONTRACT."

Special Issue No. 2 inquired whether or not the appellee sustained total disability for any period of time beyond the 24 months for which he had been paid. In connection with such special issue the court instructed the jury as follows:

"In connection with the above question you are instructed that disability shall be deemed to be total whenever an individual becomes disabled as the result of injury so as to be wholly unable to engage in any occupation and to perform any work for compensation or profit. It does not mean, however, an absolute physical inability to perform any of the duties pertaining to his occupation; but total disability, as inquired about in the above question, exists if such disability prevents the individual from substantially performing every essential operation necessary to the performance of *his* occupation." (Emphasis ours.)

The appellant requested the following instruction in lieu of the one proposed by the court:

"In connection with the above question you are instructed that disability shall be deemed to be total whenever an individual becomes disabled as a result of accidental injuries so as to be wholly unable to engage in any and every occupation or employment for compensation or profit."

Total disability has been defined in Metropolitan Life Ins. Co. v. Greene, 93 S.W.2d 1241 (Tex.Civ.App., 1936, n. w. h.). In that case Justice Higgins stated:

"The [trial] court defined 'total disability' as: 'such a disability as prevent-

ed him from engaging in any occupation and performing any work for compensation or profit.' "

It is obvious that the contracting parties here intended to, and did, make a distinction between disability during the first 24 months and after the 24-month period. Where there is no contention that the contract is ambiguous, the courts do not resort to arbitrary rules of construction but, to the contrary, they consider and give application to each and every part of the contract so that the effect or meaning may be clearly determined and the rights of the parties established thereunder. Citizens Nat. Bank in Abilene v. Texas & P. Ry. Co., 136 Tex. 333, 150 S.W.2d 1003 (Tex.S.Ct. 1941). A similar decision was handed down by the Supreme Court of Washington in Tucker v. Bankers Life and Casualty Co., 67 Wash.2d 60, 406 P.2d 628 (1965), wherein that court pointed out that the trial court, in its definition of the term (total disability) failed to recognize the distinction that exists in the terms of a policy resulting in an improper submission to the jury for their consideration of the ultimate issues involved in the lawsuit. We have that exact situation here, with the resulting error in the finding of the jury. It must be elementary that there is a great difference between a man's ability to perform or work under his occupation, or any and every occupation. For these reasons, Points 9 and 10 are sustained.

Appellant's Point 11 charges that Special Issue No. 4 constitutes a general charge and is therefore incorrect. We do not pass upon this point, as our previous disposition of prior points disposes of the lawsuit without the necessity of considering this point. The same is true as to Points 5, 6, 7 and 8.

The judgment of the trial court is reversed and the cause remanded.