**REPUBLIC BANKERS LIFE INSURANCE COMPANY, Appellant,**

v.

**B. L. JAEGER, Appellee.**

**No. 1396.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 26, 1976.

Rehearing Denied June 16, 1976.

Thomas L. Cook, Beard & Kultgen, Waco, for appellant.

W. Timothy Lewis, Stephen Perel & Associates, Houston, for appellee.

COULSON, Justice.

This suit concerns a disability insurance contract. B. L. Jaeger sued Republic Bankers Life Insurance Company to recover accrued and unaccrued disability benefits for an accidental injury. The court sitting without a jury rendered judgment for the plaintiff. We affirm.

On February 14, 1975 Jaeger filed suit against Republic, and Republic answered by way of a general denial. Jaeger testified that he was injured on September 10, 1974 and that Republic had refused to pay benefits due him on his disability insurance policy issued March 20, 1973. At the trial a letter was introduced from Republic to Jaeger's attorney stating:

> [A]s the policy contract is still within the contestable period, we feel it to be in the best interests of all concerned to rescind the policy and refund all the premiums paid by Mr. Jaeger since the contract's inception. Enclosed you will find our check in the amount of $429.75 which represents a refund of all premiums paid.
>
> . . .

Jaeger initially brought suit only for accrued benefits under the policy, however, before judgment a trial amendment was allowed whereby Jaeger pled anticipatory breach and sought recovery of all benefits under the policy accrued and unaccrued. The trial judge permitted the trial amendment.

■ Republic claims that the trial judge erred and abused its discretion in allowing the trial amendment. Republic also claims that there was no evidence or that there was insufficient evidence of an anticipatory breach of the insurance policy and that there was no evidence of trial by consent of this issue. Texas Rule of Civil Procedure 66 permits the trial court to freely allow amendment of pleadings when the presentation of the merits of the action are subserved thereby and the objecting party fails to satisfy the court that by allowing such amendment he would suffer prejudice in maintaining his defense or action upon the merits. The standard of review in such cases is whether the trial court abused its discretion in allowing the trial amendment. *Patino v. Texas Employers Insurance Association*, 491 S.W.2d 754 (Tex.Civ.App.—Austin 1973, writ ref'd n. r. e.). The trial amendment was permitted by the court after the presentation of the evidence but before rendition of judgment. This is not an abuse of discretion. *Jim Walter Corporation v. Bass*, 356 S.W.2d 356 (Tex.Civ.App.—Texarkana 1962, no writ). The trial court did not abuse its discretion in permitting the filing of this trial amendment where Republic failed to plead surprise, request time for discovery of additional evidence on a point of repudiation, or object to this new theory. *Mergele v. Houston*, 436 S.W.2d 951 (Tex.Civ.App.—San Antonio 1968, writ ref'd n. r. e.).

■ "Anticipatory breach" of a contract is defined in *American Bankers' Ins. Co. v. Moore*, 73 S.W.2d 620, 622 (Tex.Civ.App.—Fort Worth 1934, no writ), as follows:

> In order to justify the adverse party in treating the renunciation as a breach, the refusal to perform must be of the whole contract or of a covenant going to the whole consideration, and must be distinct, unequivocal and absolute . . . .

The letter introduced in evidence showed Republic's distinct, unequivocal and absolute intent to refuse to perform its obligation under the insurance contract. We hold that there was evidence upon which the trial court based its finding of fact that Republic had repudiated the contract. All of Republic's points of error complaining of

the trial court's finding of anticipatory breach are overruled.

■ This is not a case where the insurance company did nothing and was then sued on the theory of repudiation, as was the case in *Continental American Life Insurance Company v. McCain,* 416 S.W.2d 796 (Tex.Sup.1967). In this case, Republic took action by writing a letter repudiating their contract with Jaeger. Jaeger was justified in treating the renunciation as a breach enabling him to sue for accrued and unaccrued benefits under the policy.

■ The measure of damages in an action for breach of contract by repudiation is the present value at the time of trial of all that the plaintiff would have received if the contract had been performed. *Continental Casualty Company v. Boerger,* 389 S.W.2d 566 (Tex.Civ.App.—Waco 1965, writ dism'd). Republic's points of error complaining of the trial court's award of unaccrued installments are overruled.

■ Republic claims that there is no evidence or insufficient evidence that Jaeger is and will be disabled. After a review of the evidence, it is clear that there was evidence to support the findings of fact that Jaeger has been and will be totally and continually disabled as such term is defined in the insurance policy. Republic's points of error complaining of the present and future disability findings are overruled.

■ Republic claims that there is no finding that Jaeger will be under a doctor's care as required by the policy. To recover on a contract a party must show that he has been ready and able to comply with all conditions precedent to his own right to proceed to perform. 13 Tex.Jur.2d Contracts § 314 (1964). Jaeger's disability insurance policy required that the insured be under the regular and personal attendance of a licensed doctor of medicine, surgeon or osteopath other than the insured and other than a relative of the insured. There was no finding of fact filed by the trial court that Jaeger was under or would be under such care. However, this condition is part of the policy's definition of disability. The

trial court did find that the plaintiff, Jaeger, will remain totally disabled for a period of at least 60 months, the life of the policy. Where findings of fact are filed by the trial court they form the basis of the judgment. Where one or more elements of a ground of recovery are supported by the evidence but are not expressly stated in the findings of facts then those elements will be supplied by presumption in support of the judgment. Tex.R.Civ.P. 299. The trial court's finding that Jaeger is disabled under the terms of the policy is supported by the evidence. Jaeger's back was operated on and he remained in the hospital for two weeks. Since his discharge from the hospital, Jaeger has been consulting with his doctor and taking medication under his physician's direction. The presumption is implicit in the finding of disability that Jaeger is under the care of a doctor, surgeon or osteopath and that he will remain under such care. Republic's points of error in this regard are overruled.

■ Republic claims that the trial court erred in awarding damages in the amounts of the total value of the contract without discounting the money awarded for future installments due. We choose to follow *Continental Casualty Company v. Boerger, supra,* allowing such a measure of damages. Republic's point of error complaining of the damages awarded without discount at the legal rate of interest is overruled.

■ Republic claims that the trial court erred in awarding a penalty and reasonable attorney's fees to Jaeger under Article 3.62 of the Insurance Code. We hold the award of a penalty and attorney's fees as provided by Article 3.62 of the Insurance Code is not error. *See Continental Casualty Company v. Boerger, supra.*

■ Republic also contends that the trial court erred in excluding a line from a documentary piece of evidence. The excluded line was a response to a question on Jaeger's claim form for his injury: "Have you ever seen a doctor for this or similar conditions in the past?" Answer "Yes, back strain—December 1967." Republic fully

examined Jaeger about his prior injuries, therefore, any error in excluding this line from Jaeger's claim form is harmless. Tex. R.Civ.P. 434.

We have carefully considered all of Republic's points of error; they are overruled. The judgment of the trial court is affirmed.